COUGHLAN, RANDALL & CO., and JAMES FORSYTHE *vs.* R. M. WHITE, SHERIFF, &c.

1. The Circuit Court of the United States, is not, in any sense, a foreign Court: its judgments and process bind *proprio vigore*, and create legal rights, which the State Courts are bound to recognize, and will enforce, when the estate or property subject to the right, comes, within their control.

2. Executions issued from the United States Courts create a lien from their *teste*.

3. Where a judgment was obtained, in the Circuit Court of the United States, and execution was issued thereon and levied upon the land of the defendant in said execution, and when a Sheriff, had other executions from the State Courts, against the same party issued upon judgments, some of which, were of lien before and others after, the *teste* of the execution from the Circuit Court, and the Sheriff had levied upon and sold the land of the defendant, *held*, that the plaintiffs in the execution from the United States Court were entitled to the residue of the money in the hands of the Sheriff after satisfying the judgments of a *prior lien* to theirs', and that upon a rule in the Superior Court the Judge should have ordered the application, accordingly.

This was a motion, to compel the Sheriff of Mecklenburg county, to apply the surplus of money in his hands, arising from the sale of the real and personal property of one Taylor,

after satisfying certain executions of a lien prior to the 29th day of November, 1869, to the payment, of plaintiff's executions. The Sheriff sold the property of Taylor; under executions, some of which, were of lien prior to the 29th day of Nov., 1869, and others, of lien subsequent to that time. After satisfying the first named executions, there was a surplus in his (Sheriff's) hands of about $3,000.

The plaintiffs obtained judgment, in the Circuit Court of the United States, on the 29th day of November, 1869 ; executions were issued upon the judgments bearing *teste* the last Monday in November, (29th) and came to the hands of the United States Marshal, and were levied, respectively, on the 19th and 29th ot January, 1870. The proceeds of the sale, of the personal property of Taylor, was not sufficient to discharge and pay off the executions in the hands of the Sheriff, of a prior lien to Nov. 29th, 1869, but the proceeds of the sale of the realty, was more than sufficient. Upon this statement of facts, the presiding Judge, His Honor, G. W. Logan, refused the motion. From which judgment plaintiffs appealed to the Supreme Court.

*W. H. Bailey,* (with whom were *Phillips & Merrimon*) for plaintiffs, cited and relied on. *Bayard* v. *Bayard,* 5. *Penn. Law Jour.,* 160. *Azcarati* v. *Fitzsimmons,* 3 *Wash. C. C.* 134.

*J. H. Wilson* and *H. W. Guion,* for defendant.

RODMAN, J. On the last Monday in November, 1869, (being the 29th day of the month) Coughlan, Randall & Co., obtained a judgment in the Circuit Court of the United States for the District of North Carolina against one Taylor, as did also James Forsythe. *Fi fas* upon these judgments, tested of said last Monday in November, 1869, were duly issued to the United States Marshal, and levied by him on the lands of the defendant Taylor, on the 16th January, 1870.

These lands and certain personal property of the defendant had been previously levied on by the Sheriff of Mecklenburg

County, under executions from the State Courts, tested before 29th November, or which had issued upon judgments docketed before that day. The personal property had also been levied by a constable prior to 29th of November, to satisfy sundry executions from Justices of the Peace.

In April 1870, the Sheriff sold the personal and real property, and with all of the proceeds of the sale of the personal property, and a part of the proceeds of the sale of the land paid off the prior executions, docketed judgments and justice's executions, in his hands ; leaving a residue of $3,559.92 derived from the sale of the land. The Sheriff had also in his hands at the time of the sale, executions from the State Courts, on judgments docketed, after 29th November, 1869.

Coughlan, Randall & Co., and Forsythe, moved, in the Superior Court of Mecklenburg, that the Sheriff be ordered to to apply said residue to the payment of their claims, which order the Judge refused to make, but ordered the Sheriff to apply it to the executions in his hands from the State Courts. From this order they appealed.

We think the principles on which this question must be decided are clear. It was settled law before the C. C. P., that executions levied on land had priority from their respective *teste*. Had the execution from the United States Court issued from the Court of any county in the State and gone into the hands of the Sheriff, there could have been no doubt but that it would have been entitled to priority of satisfaction over judgments docketed after its *teste.*

The United States Courts in this State adopted our former rule that an execution binds from its *teste*, and it still holds in those Courts. But it is said that because the fund is in a State Court, that Court, will ignore the judgments in the United States Court, and distribute the fund exclusively amongst the creditors by judgment in the State Courts, notwithstanding their subsequent date. We think such a proposition is founded on a misconception of the relations of the several Courts. The

COUGHLAN, RANDALL & CO. AND JAMES FORSYTHE *v.* R. M. WHITE, SHERIFF, &C.

Circuit Court of the United States is not in any sense a foreign Court. Its judgments and process bind *proprio vigore*, and create legal rights, which the State Courts are bound to recognize and will enforce, when the estate or property subject to the right, comes, within their control. In doing so, they do not proceed on any ground of international comity, but on the ground, of giving effect, to a legal right. By the *teste* of the executions from the U. S. Court the plaintiffs acquired a lien upon the land of the defendant, subject to prior liens, and the fund now in Court, is what remains of that land, after the discharge, of the prior liens. If the Sheriff had sold only so much of the land as was necessary to discharge the executions in his hands, and left a part of the land unsold, the United States Marshal could have sold that part; and his right to have this money, which represents that part of the land, is just the same.

We think the Judge erred. His order should have required the fund to be paid to the U. S. Marshal to be distributed among the plaintiffs under the order of the Circuit Court. If the fund were in this Court, we could make the order here; but as it is in the Court below, the case will be remanded, to be proceeded in according to this opinion. Let this opinion be cretified.

As the Sheriff appears to have acted fairly, the plaintiffs will recover no costs of him, in this Court.