## SAMUEL WOODLEY *vs.* H. A. GILLIAM.

In the absence of fraud, the irregularity of a Marshal in selling land under execution without due advertisement, although it might expose him to an action at the suit of the party injured, does not vitiate the sale.

Where executions, issued from different Courts, are placed in the hand of different officers, and under these executions, giving equal power, the same land is levied upon, and sold by each one of those officers ‘ *Held*, that the first sale passes the title of the defendant in the execution.

The priority of the lien of executions, as between creditors, is of no moment as respects the ‘title of a purchaser.. Such matters only govern the application of the proceeds of the sale.

[*Coughlan & Randall* v. *White* 66 N. C. 102; *Bell* v. *Hill*, 1 Hay. 72 *Dobson* v. *Murphy*, 1 Dev. & Bat. 586; *Davidson* v.‘ *Frew*, 3 Dev. 3 ; *Picket* v. *Picket*, Id, 6; *Hoke* v. *Henderson*,Id. 12 ; *Blount* v. *Mitchell*, Tay. 131 ; *Brodie* v. *Sitgreaves*, 2 Hay. 144 ; *Mordecai* v. *Speight*, 3 Dev. 428 ; *Avery* v. *Rose*, 4 Dev. 549 ; *Reid* v. *Largent*, 4 Jon. 454; *Brodie* v. *Ratcliff*, 11 Ire, 321 ; *Barham* v. *Massey*, 5 Ire. 592 ; *Mangum* v. *Howlet*, 8 Ire. 44 ; *Ricks* v. *Blount*, 4 Dev. 128, cited and approved.]

This was a civil action, tried before *Watts, J.*, at Spring Term, 1872, of the Superior Court of WASHINGTON.

Plaintiff declared for two tracts of land in possession of the defendant, and formerly the property of Charles Pettigrew.

At February Term, 1869, plaintiff obtained judgment in Tyrrell Superior Court against Charles Pettigrew, and took a transcript of said judgment, and docketed it in Washington County, February, 5th, 1869. Upon this judgment execution was issued to the Sheriff of Washington County, who sold said land on the 1st day of May, 1869.

At Fall Term, 1868, of the Circuit Court of the United States, Williams, Bee & Co. obtained judgment against Pettigrew, and execution was issued to the Marshal, returnable to June Term, 1869, of said Court. This execution was levied March 30th, 1869, and the Marshal sold the 1st day of May, 1869. The Marshal and Sheriff sold the land on the same day, but the Marshal's sale was made first. The Marshal did not advertise thirty days, and did not go into the County of Washington until after the plaintiff's judgment was docketed.

Upon this statement of facts, judgment was rendered for the defendant, from which plaintiff appealed to the Supreme Court.

No counsel for plaintiff.
*Smith & Strong,* for the defendant.

RODMAN, J. By the Act of Congress of the 29th September, 1789, 1 Stat., 93 (Brightly Dig. U. S. Stat. 793, note, b.) it was enacted that the forms of writs and executions from the Courts of the United States should be the same as were *then* used or allowed in the Courts of the States respectively. This provision was continued by the Act of 1792, 1 Stat. 275, 5, 2. (Brightly, *ubi sup.*)

Upon these Acts it has been held, that executions from a Court of the United States have not the form only, but also the force and *effect* of a similar execution from a Court of the State. *Koning* v. *Bayard,* 2 Paine, C. C. R. 252. *U. S. Bank*

v. *Halstead,* 10·Wheat. 51 *Hurst* v. *Hurst,* 2 Wash. C. C. R. 69. *Coughlan & Randall* v. *White,* 66 N. C. 102. The practice of the State Courts in respect to the lien of an execution, has been altered by C. C. P.; but that of the United States Courts continues as it was in 1789.

As in this State lands were made liable to sale under a *fi. fa.,* by 5 Geo. II., Ch. 7, re-enacted in 1777, (Rev. Ch. 115, S. 29), (Rev. Code, Ch. 45, S. 1), it cannot be doubted that the *fi. fa.* from the Circuit Court gave to the Marshal equal power with what the Sheriff had under the *fi. fa.* from the State Court. See *Doe, ex dem., Bell* v. *Hill,* 1 Hay. 72.

The title of a defendant in execution passes to the purchaser by the sale, and from the time of the sale. It is of no importance at what time afterwards the deed is made, as the deed is merely evidence of the sale, and relates back to it, *Dobson* v. *Murphy,* 1 D. & B., 586. *Davidson* v. *Frew,* 3 Dev. 3. *Picket* v. *Picket,* Id. 6. *Hoke* v. *Henderson,* Id. 12.

In the absence of fraud, the irregulariiy of the marshal in selling without due advertisement, although it might expose him to an action at the suit of the party injured, would not vitiate a sale otherwise good. *Blount* v. *Mitchell,* Tay. 131, *Brodie* v. *Sitgreaves,* 2 Hay. 144, *Mordecai* v. *Speight,* 3 Dev. 428, *Avery* v. *Rose,* 4 Dev. 549, *Reid* v. *Largent,* 4 Jones 454, *Brooks* v. *Ratcliff,* 11 Ire. 321.

If, therefore, at the time of the sale by the marshal, there had been no execution in the hads of the sheriff, it could not be doubted that the sale by the marshal passed the title of the defendant in the execution, to the purchaser. Upon what principle or reason can it be maintained, that the holding by the sheriff of a power to sell, upon which he *afterwards* acted, can defeat the previous execution of a similar power? At the time of the sale by the sheriff, the estate of the defendant in execution had passed out of him, and nothing remained for the sheriff to make sale of. In substance, it is just as if the owner himself had previously made a valid sale of his estate.

In the case of personal estate, where it has been levied on by one officer who does not take, or abandons the possession, a sale by another, who afterwards seizes the property, is valid. *Barham* v. *Massey*, 5 Ire. 192, *Mangum* v. *Hamlet*, 8 Ire. 44.

But we think, that if it be conceded, as it must be, that the power of the marshal to sell was equal to that of the sheriff, the question of the title of the purchaser is conclusively settled by the case of *Ricks* v. *Blount*, 4 Dev. 128, where the subject is fully and ably discussed.

It will be seen from that case, that as respects the title of the purchaser, the priority of lien of the several creditors between each other is of no moment. Such matters would only govern the application of the proceeds of the sale, as they did in *Coughlan & Randall* v. *White*, 66 N. C. 102.

There is no error.

PER CURIAM. Judgment affirmed.