The facts are fully stated in the opinion of the Court.
The sheriff of Ashe county asks the direction of the Court as to the application of money in his hands, arising from the sale of land under three executions, one in favor of Jacob Roten, another in favor of John Shatley, and a third in favor of D. B. Dougherty. The judgments, on which the three executions issued, and also a judgment in favor of one Long, had been regularly docketed in the Superior Court of Ashe county; the judgments in favor of Roten and Shatley before, and that in favor of Dougherty after the docketing of the judgment in favor of Long.
No execution had issued on the judgment in favor of Long. The land did not bring enough to pay all the judgments.
The question presented for decision is not an open one.
We have held in Perry v. Morris, 65 N.C. 221, that the lien on the land of the defendant, acquired by a docketed judgment, shall not be lost in favor of a judgment subsequently docketed, unless the plaintiff in the latter take out execution and give the plaintiff in the former twenty days notice before the day of sale by the sheriff, and the *Page 452 
(559) plaintiff so noticed shall fail to take out execution and put it into the sheriff's hands before the day of sale, as is prescribed in the 19th Rule of Practice adopted by the Supreme Court, 63 N.C. 669. Dougherty having failed to quicken the diligence of Long by the notice required in the Rule, there is error in the order directing the application of the fund to the satisfaction of the execution in favor of Dougherty, to the exclusion of the judgment in favor of Long.
The fund should be applied to the satisfaction of the judgments in the order, in point of time, in which they are entered on the docket.
Let this be certified.
PER CURIAM. Judgment accordingly.
Dancy v. Hubbs, 71 N.C. 425; Burton v. Spiers, 92 N.C. 508.