ROBERT O. BURTON, JR. v. R. P. SPIERS and EDWIN CLARK.

## *Execution Sale.*

1. Where the purchaser at execution sale is a stranger to the judgment, he gets a good title, although the sheriff may have failed to advertise the property and give notice to the judgment-debtor, as prescribed by secs. 456 and 457 of The Code. All that such purchaser is required to ascertain is, that it is an officer who sells, and that he is empowered to do so by an execution issued by a court of competent jurisdiction.

2. But when at such sale, the plaintiff in the execution or his attorney or agent, or any other person affected with notice of such irregularity, purchases, the sale may be set aside at the instance of the defendant in the execution, by a direct proceeding for that purpose.

3. Execution sales cannot be *collaterally* avoided because of irregularities in the manner in which they have been conducted.

4. When there is fraud and collusion between the sheriff and the purchaser at execution sale, the sale is absolutely void, and such defect may be taken advantage of by any one interested in the property sold; but when the fraud results from the conduct of the plaintiff alone, as in suppressing, binding, &c., there being no collusion between the sheriff and the purchaser, the sheriff's sale passes the title, and the execution debtor must seek his relief in equity.

5. The rule of the Supreme Court, adopted at June Term, 1869 (Rule XIX, 63 N. C., 669), in so far as it attempted to deprive a senior judgment-creditor of his lien, interferes with a vested right, and is unconstitutional.

(*Mordecai* v. *Speight*, 3 Dev., 428; *McEntire* v. *Durham*, 7 Ired., 151; *Hill* v. *Whitfield*, 3 Jones, 120; *Harry* v. *Graham*, 1 D. & B., 76; *Oxley* v. *Mizle*, 3 Murph., 250; *Woodley* v. *Gilliam*, 67 N. C., 237, *Dougherty* v. *Logan*, 70 N. C., 558; *Perry* v. *Morris*, 65 N. C., 221, cited and approved).

CIVIL ACTION pending in HALIFAX Superior Court heard, by consent, before *Gudger, Judge*, at Chambers in Jackson, in September, 1884, upon the following case agreed.

On the 21st day of December, 1880, H. & E. Hartman & Co. duly recovered two judgments for $200 each against Richard P. Spiers before a justice of the peace in Halifax county, which were, on the same day, docketed in the Superior Court of said county, and at Spring Term, 1881, of the Superior Court of said county, the said H. & E. Hartman & Co. recovered one other judgment against said Spiers for $736.68. Executions were issued to the

sheriff of Halifax county upon all said judgments, on the 11th day of April, 1881, against the property of said Spiers, returnable to Fall Term, 1881, of said court, under which a homestead was allotted to said Spiers.    The sheriff made due advertisement under these executions, and gave to said Spiers the required notice of sale, which said notice and advertisement was as follows, to-wit:

"By virtue of sundry executions in my hands against Richard P. Spiers, from the Superior Court of Halifax county, I shall sell for cash, at the court-house door in Halifax, on the 1st day of August, 1881, all the real estate in the town of Weldon, bought by Richard P. Spiers of J. T. Evans and wife, S. W. Buxton and wife, and W. J. Winfield and wife, with the buildings and improvements thereon.    This 24th day of June, 1881."

And, on the 21st day of August, 1881, the sheriff sold the land described in the complaint.    There was then standing unsatisfied and unpaid, a judgment for costs amounting to $17.16 on the said judgment docket, in favor of Henry, Adolph and Joseph Locheim, partners trading as Locheim Brothers, against Richard P. Spiers, which judgment was duly rendered in said Superior Court at Fall Term, 1878, and was not dormant.

The plaintiff Burton was the attorney of record and acting for H. & E. Hartman & Co. and Locheim Brothers, and instructed the clerk, on the Saturday before the sale, to issue execution on the said Locheim judgment, and the said Burton himself handed said execution to the sheriff on the morning of the day of sale.

The sheriff sold said land, on the 1st day of August, 1881, under the H. & E. Hartman and under the said Locheim executions, and the plaintiff Burton became the purchaser, at the price of $30, and the sheriff duly conveyed the land to him and his heirs, and made due return of the said execution.

The plaintiff then began this action against said Spiers for the recovery of said land to Fall Term, 1881, of said court.

On the 1st day of November, 1880, the said Spiers and wife duly conveyed to the defendant Edwin Clark, a portion of the

land lying on Washington avenue, and running back seventy-five feet, which deed was registered on the 1st day of March, 1882.

The plaintiff did not know of the claim of said Clark at the execution sale, and said Clark was not present at the sale.

At Spring Term, 1882, the said Clark came in, and was made a party defendant, and filed an answer. A severance was granted by His Honor and this cause tried only as to Clark; said Spiers sets up no claim to the land claimed by Clark, and at the beginning of this action said Clark was in possession of said land claimed by him. If, upon these facts, the court shall deem the plaintiff entitled to recover, the judgment shall be rendered in his favor for the recovery of said land claimed by said Clark, and costs, otherwise in favor of said Clark.

His Honor gave judgment in favor of the plaintiff, and the defendant appealed.

*Messrs. Gatling & Whitaker*, for the plaintiff.
*Messrs. Mullen & Moore* and *Day & Zollicoffer*, for defendant.

ASHE, J. (after stating the facts). Every sheriff, before selling property under an execution, is required to advertise the sale for four weeks in a newspaper if there be one in the county, and if not, for thirty days at the court-house door, and three other public places. *The Code*, sec. 456. And besides, he is required to give notice to the defendant in the execution or his agent, &c., for ten days before the sale. *The Code*, sec. 457. But these requirements are held to be only directory.

It is well settled as a general rule, that a purchaser at execution sale is not bound to look further than to see that he is an officer who sells, and that he is empowered to do so by an execution issued from a court of competent jurisdiction, and he is not affected by any irregularities in the conduct of the sheriff. *Mordecai* v. *Speight*, 3 Dev., 428; *McEntire* v. *Durham*, 7 Ired., 151. It follows from this, that a purchaser may get a good title at a sheriff's sale when there has been no advertisement of the sale, but this is subject to qualifications.

As where the purchaser is a stranger, he will get a good title, notwithstanding any irregularities there may have been in the management of the sheriff. *Oxley* v. *Mizle,* 3 Murph., 250. But when the purchaser is the plaintiff in the execution, or his attorney, or any other person affected with notice of the irregularities, the sale may be set aside at the instance of the defendant in the execution by a direct proceeding. If not so corrected, they cannot be made available by a collateral attack on the purchaser's title. Hence, an execution sale cannot be collaterally avoided, because real estate was sold without first levying upon personalty, nor because of irregularities or deficiencies in the advertisements, nor for defects in the levy. *Herman on Executions,* §39 ; *Oxley* v. *Mizle, supra;* and it was held by Chief-Justice Ruffin in the case of *Harry* v. *Graham,* 1 D. & B., 76, "that an allegation of fraud against a purchaser at execution sale will not be heard from a stranger to the execution." And in the more recent case of *Hill* v. *Whitfield,* 3 Jones, 120, the same doctrine is announced by Chief-Justice Pearson with more fullness and particularity, when he makes a distinction between a fraud practiced by the defendant, and fraud and collusion between the purchaser and the sheriff; and we take the distinction to be, when there is fraud and collusion between the purchaser and the sheriff, the sale is absolutely void in law, and may be taken advantage of by any one interested in the property sold, but when the fraud charged in the sale results from the fraudulent conduct of the plaintiff alone, as in suppressing competition at the sale, &c., *there being no collusion between the sheriff and the purchaser,* the sheriff's deed will pass the title to the purchaser, and the defendant must seek his remedy under the equity jurisdiction of the Court.

Now, to apply the principle here stated to the facts of this case LocheimBrothers had obtained a judgment against Richard Spiers, rendered in 1878. There were judgments against Spiers, in favor of H. & E. Hartman & Co., rendered in 1881, the first of which was docketed on the 21st of December, 1882. Spiers and wife sold the land in controversy in the case to the defendant Clark by deed bearing date 1st November, 1880.

The sheriff advertised the land to be sold on the 1st of August, 1881. At the time of the advertisement he had in his hands only the executions in favor of the Hartmans, but on the morning of the sale, the plaintiff, who was the attorney of both Locheim and the Hartmans, put the execution in favor of the former in his hands. The sheriff sold under both executions, and the plaintiff became the purchaser, without any knowledge of the fact that Spiers had sold the land to Clark, the deed to the latter not having been registered until after the sale.

Fraud is not to be presumed, when the transaction is consistent with *bona fides.* Here the plaintiff was attorney for both parties in the executions, and it is fair to presume, that finding the sheriff was about to sell under the Hartman execution, and knowing that if the Locheim execution, being the older lien, was placed in the hands of the sheriff before the sale, it would be his duty to apply the proceeds of the sale to that execution first, which would render another sale of the land unnecessary, the plaintiff lodged the execution with the sheriff for that purpose. This is often done and there is no impropriety in it.

There is nothing stated in the case agreed, which shows that there was any fraud or collusion between the plaintiff or his attorney and the sheriff.

It does not appear that plaintiff's attorney gave any directions to the sheriff to sell under the Locheim execution, and there was no reason that he should, as it was not known to him at the time that Clark, the defendant, had any claim upon the land. As the case stood at the time of the sale, the plaintiff had reason to believe that he would get a good title to the land by his purchase under the Hartman execution, the Locheim judgment being put out of the way, by its satisfaction out of the proceeds of the sale, whether the land was sold under the execution issued upon it or not.

In the absence of fraud, the irregularities of the sheriff in selling without due advertisement, although it will expose him to an action at the suit of the party injured, would not violate a sale

otherwise good, *Woodley* v. *Gilliam,* 67 N. C., 237, and cases there cited. We are of the opinion that the Locheim judgments having been put in the hands of the sheriff before the sale under the Hartman execution, the sheriff had the right to sell under that execution without any other advertisement than that given. The object in requiring this notice to be given, is for the benefit of the debtor, to protect his rights and to create competition and to obtain the best price for the property. The advertisement in this case which was objectionable in respect of not mentioning the name of the plaintiff, accomplished the objects of the advertisement as much so as if they had been specially named, and a sale, under such circumstances, has met with the direct sanction of this court. At June Term, 1869, the court adopted the following rule: "XIX. If any plaintiff shall have docketed a judgment and failed to sue out execution against the lands of the defendant, any other plaintiff who has docketed a judgment, and shall take out execution, may give notice of his execution to creditors having prior docketed judgments, which shall be served at least twenty days before the day of sale, and any creditor so notified, who shall fail to sue out execution, and put it in the hands of the sheriff before the day of sale, shall lose his lien on the land sold, provided that this rule shall not apply to any creditor who cannot take out execution."

This rule was not only adopted by this court, but was approved by two of the decisions subsequently made. *Dougherty* v. *Logan,* 70 N. C., 558; *Perry* v. *Morris,* 65 N. C., 221.

The rule was adopted to meet the change in the law from the lien of the execution to the lien of the judgment. Under the old practice, when land was sold under a junior execution, it could not be sold a second time under a second execution; but under the new system the judgment alone created the lien on land, and if land should be sold under an execution issued upon a junior judgment, it may be sold again under one issued upon a senior judgment.

The rule above cited has not been acted upon, that we are aware, save in the case of *Dougherty* v. *Logan,* *supra*, for the reason that it was manifest to the profession, that so far as it deprived the senior judgment creditor of his lien, it was unconstitutional, because it interfered with his vested rights, but it is referred to to show that this court recognized the doctrine, that even under *The Code*, the sheriff might sell under an execution issued upon a senior judgment, put into his hands before a sale under one issued upon a junior judgment duly advertised. Else why require it to be put into his hands after notice of twenty days by the creditor of the junior judgment, if not intended to be sold, so that the purchaser at the sale might get a title under both executions, and that without further advertisement under the senior judgment? For the law requires the advertisement of a sale of land to be thirty days, but under the rule, the senior judgment creditor was required to put his execution into the hands of the sheriff any time after twenty days before the sale, to the end that both liens might be disposed of by one sale and the purchaser get a good title.

We are of the opinion the plaintiff in this case acquired the *legal* title by the sheriff's deed. The action in its nature was *legal* and the defence *legal*. The defendants may have some equities against the plaintiff, but they are not set up in his defence, and we are not called upon to decide them under the pleadings in this action.

Our opinion is there was no. error, and the judgment of the Superior Court of Halifax county must be affirmed.

No error.					Affirmed.