M. M. BARBER et al. v. E. WADSWORTH et al.

*Mortgage Sale—Purchaser—Unrecorded Release by Mortgagee—Notice.*

The purchasers of land at a sale made in pursuance of a mortgage, without notice of an unrecorded release of the timber rights in the land, obtained a good title, and the fact that one of the purchasers subsequently, before taking the deed, had notice of the unrecorded release, could not affect his rights acquired by virtue of the purchase at the mortgage sale.

CIVIL ACTION, heard by consent of all parties, before *Bryan, J.,* at chambers, in Newbern, N. C., on a case agreed as follows:

"1. That R. A. Russell was the owner of the land hereinafter described, and on the 1st day of November, 1884, executed a mortgage deed thereon to Susan J. Dudley, which was on the 7th day of November, 1884, duly recorded in the office of the Register of Deeds of Craven County, in Book No. 89, pages 42, 43 and 44, to which reference is hereby made for a full description of the land therein conveyed.

"2. That, on the 23d day of April, 1888, for value received, the said Susan J. Dudley, mortgagee, executed in writing, under seal, a full release of all the timber upon said land to the said R. A. Russell, mortgagor, this release never having been recorded.

"3. That, on the said 23d day of April, 1888, R. A. Russell sold and conveyed the timber on said land to P. M. Barber, the testator of plaintiff, by deed, duly recorded on the 5th day of May, 1888, in the office of the Register of Deeds of Craven County, in Book No. 98, page 110, to which reference is made for a full description of said conveyance and the timber therein conveyed. The purchase of said timber having been made by said Barber after the release referred to in the article 2 hereof had been executed and delivered to him.

"4. That Susan J. Dudley, mortgagee, as above referred to, died on the _____ day of _____, 1892, leaving a last will and testament, under which W. G. Brinson was duly appointed executor, qualified and entered upon the discharge of his duties as such. And under a power of sale contained in the mortgage from said R. A. Russell to Susan J. Dudley he sold the land and timber thereon, as described in said mortgage, at public auction, at the court-house door in Craven County, as prescribed by the terms of said power, announcing at such sale that the land described in said

mortgage was free of incumbrance, and the timber passed therewith, as he could find no release on record in the Register of Deeds' office of Craven County. At said sale the defendant Enoch Wadsworth became the purchaser, and thereafter procured the defendant J. W. Stewart to join him in said purchase, said W. G. Brinson, executor, executing the deed therefor to the defendants Wadsworth and Stewart, on the 5th day of April, 1894, said deed being recorded in the office of the Register of Deeds of Craven County, in Book No. 114, pages 118 and 119, to which reference is made for a full description of said land.

"5. That prior to the sale by the executor Brinson, the defendant Wadsworth, in contemplation of the purchase of said property, inquired of the mortgagor, R. A. Russell, if any release had been executed to him by the mortgagee of the timber on said lands, was told by said mortgagor that he could not recollect whether a release had been executed or not; that the mortgagee had promised to release the timber at the time of his sale to P. M. Barber, but he did not know whether or not it had been actually executed.

"6. That shortly following said sale, and prior to the payment of the purchase-money by the purchasers, the defendants, and before the execution of the deed therefor, an attorney of plaintiff, hearing of said sale, sought the defendant Wadsworth, and notified him of the existence of the release aforementioned, and exhibited the same to him for his inspection. After which, said Wadsworth and his co-grantee consummated said purchase, and caused the deed to be executed to them, as aforesaid.

"7. That the defendant Stewart made no inquiry of the debtor or any other person as to the status or title of said property.

"8. That P. M. Barber is dead, leaving a last will and testament, under which the plaintiffs are the duly qualified executors, and in whom the title, if any, to the timber above described is vested.

BARBER *v.* WADSWORTH.

" If, upon the foregoing facts, the Court is of the opinion that the title to the timber described did not pass to the defendants under the mortgage sale, as aforesaid, then shall judgment be rendered, declaring the plaintiffs the owners thereof; otherwise, for the defendants."

His Honor adjudged as follows:

" That the plaintiffs are the owners of the timber described in the case agreed, and that they recover the possession thereof from the defendants. It is further ordered and adjudged that a writ of possession issue to put the plaintiffs in possession of said timber, and that the plaintiffs recover of the defendants the costs of this action, to be taxed by the Clerk." Defendants appealed.

*Mr. O. H. Guion,* for plaintiffs.
*Mr. W. W. Clark,* for defendants (appellants).

CLARK, J.: The mortgage to Susan J. Dudley having been recorded, the purchaser of the property or any part thereof from the mortgagor or his grantee took the same subject to the mortgage. Had the mortgage debt been paid, this would have discharged the mortgage by its terms, but there has been no payment in this case. The mortgage could, therefore, only have been released so as to affect purchasers at a sale under the mortgage by a cancellation on the margin of the registration thereof (*The Code,* § 1271), or by a reconveyance of the mortgaged property duly recorded. Neither was done. The defendants purchased at the sale under the mortgage, without notice of any unrecorded release of the timber right by the mortgagee, and, of course, got a good title. That one of the purchasers subsequently, before taking the deed, had notice of an unrecorded release, executed by the mortgagee, as to the timber right, could not affect his rights acquired by virtue of the purchase at the mortgage sale. Indeed, had both the defendants had notice

of the unrecorded release, even before the mortgage sale and their purchase thereunder, no notice, however full, would have supplied the failure to record the release. *Quinnerly* v. *Quinnerly*, 114 N. C., 145.

In the latter case the unregistered conveyance was not merely, as here, a release of a part interest in the property, but a first mortgage on the whole property, and it was held, citing the authorities, that the second mortgagee, who first recorded his mortgage, obtained priority, though he had the fullest notice of the unregistered first mortgage. And this is independent of chapter 147, Acts 1885, which, copying the identical words of *The Code*, § 1271, makes, by its very terms, the unrecorded release by the mortgagee of April 23, 1888, of no validity as against the registered conveyance to the defendant purchasers under the mortgage sale. Upon the case agreed, judgment should have been entered in favor of the defendants.                           Reversed.