JAKE WIGGINS v. O. S. SPRAGUE ET AL.

Decided March 17, 1897.

Registration—Execution Sale—Purchaser With Notice.

A creditor purchasing land at his own execution sale takes title as against one claiming under a prior deed unrecorded at the time his execution was levied, though notice thereof was given at the sale, and though such unrecorded deed was to a purchaser at a sale made before such levy, upon an older judgment, and one foreclosing a prior attachment lien. (Grace v. Wade, 45 Texas, 522, followed, and Brackenridge v. Cobb, 85 Texas, 448, distinguished.)

APPEAL from the District Court of McLellan County. Tried below before Hon. L. W. GOODRICH.

*Robertson & Davis*, for appellant.—The due record and indexing of a judgment will not affect the prior lien of an attachment regularly foreclosed, followed by order of sale and sale by sheriff. Nor is the purchaser at such sale required to place his sheriff's deed upon record as against the rights of the original parties to the recorded judgment, or execution and levy thereunder, and purchase under such execution by parties to the same.

The statute of registration in declaring all unregistered deeds void as to creditors, has reference to deeds which have been executed by the debtor, conveying property upon which his creditors might acquire a lien; and the statute does not apply to a deed conveying property upon which the creditor could not acquire the lien which he seeks to assert, had the property never been conveyed by his debtor. Brackenridge v. Cobb, 85 Texas, 448; Brown Hardware Co. v. Marwitz, 32 S. W. Rep., 78; Blankenship v. Douglas, 26 Texas, 225.

A deed only conveying interest of grantor, is not protected against an unrecorded prior deed. Rev. Stats., arts. 2316, 2318; Dycus v. Hart, 21 S. W. Rep., 299; Richardson v. Levi, 67 Texas, 359; Osterman v. Baldwin, 6 Wall., 116; Taylor v. Harrison, 47 Texas, 455; Harrison v. Boring, 44 Texas, 255; Tram Lumber Co. v. Hancock, 70 Texas, 312.

The rights of a creditor are fixed by the attachment lien, and this will support the title derived through the subsequent sale, and a judgment in personam and decree of foreclosure constitute notice to subsequent purchasers of the land. Hargrove v. Delisle, 32 Texas, 170; Williams v. Murphy, 36 Texas, 176; Wallace v. Campbell, 54 Texas, 87.

A judgment creditor takes no lien by the judgment upon lands sold by the defendant before judgment, even if the deed be unregistered and the creditor have no notice of such deed at the rendition of the judgment. Farley v. McAlister, 39 Texas, 603; Blum v. Loggins, 53 Texas, 137. Party buying under his execution and crediting purchase money on judgment is not a bona fide purchaser for value. McKamy v. Thorp, 61 Texas, 653; Delespine v. Campbell, 52 Texas, 12. Party selling his

land has no interest to which judgment can attach.    Jackson v. Butler, 47 Texas, 427.    A purchaser of land pending an attachment upon it is chargeable with notice of the attachment lien.    Briscoe v. Bronaugh, 1 Texas, 333; Tuttle v. Turner, 28 Texas, 773; Paxton v. Meyer, 67 Texas, 97.    A purchaser at a judicial sale takes only such interest as the debtor actually had.    Rogers v. Burchard, 34 Texas, 453; Osterman v. Baldwin, 6 Wallace, 117.

*H. C. Lindsey* and *Jones & Sleeper*, for appellees.—If a purchaser at execution sale fails to record his deed, and the same land is subsequently levied upon and purchased by another judgment creditor without notice of the former levy and sale, the last purchaser takes title unaffected by the former deed.    Herman, Executions, sec. 339; Pollard v. Cocke, 19 Ala., 188; Hooker v. Nichols, 21 S. E. Rep., 207; Massey v. Thompson, 2 Nott. & McC., 105.

The levy on the land in controversy under the execution in favor of appellees against A. Jones Taylor & Bro., fixed the lien on the land before appellees had notice of the purchase by appellant at a prior execution sale.    Grace v. Wade, 45 Texas, 522; Wright v. Lassiter, 71 Texas, 644; Lewis v. Johnson, 68 Texas, 450; Borden v. McRea, 46 Texas, 396.

KEY, Associate Justice.—Appellees admitting same to be correct, we copy as follows from appellant's brief:

This was an action of trespass to try title to lot two, block 11, of Chamberlain's Addition to the city of Waco, to which defendant filed a plea of not guilty and answered specially as follows:

That A. Jones Taylor & Bro. were, on January 1, 1888, largely indebted and insolvent; that at said date they owed John I. Adams & Co. a large debt, and many other persons, and on the 4th day of January, 1888, said Taylor & Bro., with intent to hinder, delay and defraud their creditors, conveyed all their property, including lot in controversy, to one Jno. M. Cooper; that said deed to said Cooper was fraudulent and void as to creditors; that on December 26, 1888, said Jno. M. Cooper sold said property to M. A. Cooper, and on September 4, O. S. A. Sprague et al., plaintiffs below, sued M. A. Cooper and others for the land in controversy, and an agreed judgment was entered in said cause; that none of said parties took a valid title to the land in controversy as against Jake Wiggins, defendant, who claims the same through a valid attachment levied out of said cause of Adams v. Taylor et al., on the 24th day of January, 1888; that all the parties holding under the deed from A. Jones Taylor & Bro. to Jno. M. Cooper knew of the fraudulent intent of said Taylor & Bro. and that plaintiffs knew of defendant's rights dating from the levy of said attachment on the 24th day of January, 1888, to sheriff's deed to him, defendant being purchaser under order of sale under said attachment in said cause of Adams v. Taylor et al; that at the date of said deed from Taylor & Bro. to Jno. M.

Cooper, Taylor & Bro. were debtors of said Adams & Co. by debt being past due, and that said deed being fraudulent and void said Cooper took no title as against said Adams & Co., and that the attachment lien of the 24th of January, 1888, was the first lien on said property, prior to any lien in favor of plaintiffs in this cause, and that defendant, holding under a prior lien to any of plaintiffs, should prevail in this cause and should not be defeated by any compromise made by plaintiffs herein with those holding under said fraudulent deeds from Taylor & Bro.; that if the plaintiffs paid anything on their compromise it was done with full knowledge of the rights under and by which defendant claims the property in controversy herein; that Jno. M. Cooper paid nothing to Taylor & Bro. for said property, but simply executed negotiable notes to said Taylor & Bro., thereby placing their property beyond the reach of their creditors, if such transactions should not be held fraudulent. Prayer for judgment, special and general relief.

The case was tried by the court. Judgment for plaintiff. Exception by defendant, and notice of appeal in open court.

The case comes up on a transcript of the record and statement of facts.

*Statement of material facts proved on the trial.—Plaintiff's evidence.* —Judgment in cause No. 4665, styled Sprague, Warner & Co. v. A. Jones Taylor & Bro., in District Court of McLennan County, in favor of plaintiffs, dated May 4, 1888, for $1932.33 with eight per cent interest.

Abstract of said judgment was recorded and indexed in County Clerk's office of McLennan County on 27th of June, 1888.

A pluries execution issued on said judgment on the 20th day of May, 1889, and on same day levied on the land in controversy in this suit, and other lands, as the property of A. Jones Taylor & Bro. Sale of said land under said execution on the 2d day of July, 1889, to Sprague, Warner & Co., the proceeds of the sale credited on their judgment.

Sheriff's deed to Sprague, Warner & Co. for said land so sold to them, dated the 6th day of July, 1889, recorded the 6th day of July, 1889.

Deed from A. Jones Taylor & Bro. to Jno. M. Cooper, dated the 4th day of January, 1888, recorded the 12th day of January, 1888, conveying lot in controversy and another lot, consideration $1 cash and promissory notes of Jno. M. Cooper to A. Jones Taylor & Bro., or order, for $500, of even date with deed and due on January 1, 1889, with ten per cent interest and secured by vendor's lien reserved.

Deed from Jno. M. Cooper to M. A. Cooper, dated the 26th day of December, 1888, recorded December 27, 1888, conveying to M. A. Cooper the land in controversy and all other lands conveyed by A. Jones Taylor & Bro. to Jno. M. Cooper on the 4th day of January, 1888, consideration $10 cash and the assumption of a note for $1500 due R. L. Brown and secured by lien on part of the property conveyed, which was

not the property in dispute, and the further consideration that said Cooper relieve the grantor from the payment of four promissory notes made by the grantor January 4, 1888, to A. Jones Taylor & Bro. for the purchase money of the three tracts of land conveyed by this deed, one note for $500, due January 6, 1889, and three for $1000 each, due November 1, 1888, January 1, 1889, and March 1, 1889, respectively.

It was admitted that A. Jones Taylor & Bro. are common sources of title as to the land in dispute in this suit, and that plaintiffs had no actual notice of the sale and deed to Jake Wiggins under the judgment of Adams & Co. v. Taylor & Bro., except on the day of sale to plaintiffs on the 2d day of July, 1889.

Plaintiffs put in evidence the papers in cause No. 5098, styled O. S. A. Sprague et al. v. M. A. Cooper an ended cause in the District Court of McLennan County, Texas, original petition filed September 4, 1889, action of trespass to try title, in which plaintiffs sued M. A. Cooper for all the lands conveyed to him by Jno. M. Cooper by deed above set forth, including the land in controversy in this cause; on the 24th day of April, 1891, the court entered a judgment in said cause on an agreement between the parties as follows: By said agreed judgment the parties divided the property between themselves, the lot in controversy in this cause falling to plaintiffs, Sprague, Warner & Co. Appellant was not a party to that suit.

*Defendant's Evidence.*—The papers in ended cause No. 1915, styled John I. Adams & Co. v. A. Jones Taylor & Bro., in the County Court of McLennan County, Texas, out of which a valid attachment issued on the 24th day of January, 1884, and was on said day levied on the land in controversy in this suit as the property of A. Jones Taylor & Bro. Said cause was tried on the 10th day of March, 1888, with judgment for plaintiffs and foreclosure of attachment lien on the land in controversy. The judgment in said cause was put in evidence, showing judgment lien and foreclosure of attachment.

Defendant next put in evidence an order of sale issued out of the County Court on the 24th day of November, 1888, in said cause No. 1915, Adams & Co. v. Taylor & Bro., which was levied upon the land in controversy in this suit on said 24th day of November, 1888, under which the sheriff advertised and sold the land so attached, foreclosed and levied on in suit of Adams & Co. v. Taylor & Bro. to Jake Wiggins, defendant, on the first Tuesday in January, 1889.

Defendant next introduced sheriff's deed to Jake Wiggins under the sale above recited on the first Tuesday in January, 1889, by virtue of the order of sale aforesaid, conveying the land in dispute herein, so sold to Wiggins by said sheriff under said order of sale in Adams & Co. v. Taylor & Bro., dated 26th day of January, 1889, and recorded 4th day of January, 1891.

Defendant called W. M. Sleeper, as witness, who is counsel for Sprague, Warner & Co. in this cause and also in their case against M.

A. Cooper above set forth, who testified as follows:  "As well as I can remember the following facts transpired at the time of sale of the lot in question by sheriff to Sprague, Warner & Co.:   After the notice of sale was read the sheriff remarked, 'Ain't that Jake Wiggins' lot?   I think that is the same lot Jake Wiggins bought at sheriff's sale some time ago.'   At time of the issuance of execution under which the sale was made and sale thereunder and purchase thereof by Sprague, Warner & Co., I represented them and acted for them, they being non-residents.   A. Jones Taylor & Bro. were merchants in Waco on the first day of January, 1888, and up to 23rd day of January, 1888, the date their stock of goods were attached by various creditors.   They were insolvent on the 23rd day of January, 1888.   They sold several pieces of real estate to John M. Cooper on the 4th day of January, 1888, by three different deeds, the consideration being negotiable notes aggregating $3,500, signed by said Cooper, payable to A. Jones Taylor & Bro., or order.   I think John M. Cooper was their clerk.   I have examined the records to some extent and have been unable to find any other real estate held by them but that sold to John M. Cooper on the 4th day of January, 1888.   Have been unable to find anything out of which to make balance of execution of Sprague, Warner & Co."

Defendant called Dan Ford, who testified that he was sheriff of McLennan County in 1888 and 1889, and made the sale to Jake Wiggins, as sheriff, in January, 1889, and in June of that year he also made the sale to Sprague, Warner & Co., and before sale was made and after he had read the advertisement he stated publicly that the land in controversy in this suit had been sold to Jake Wiggins; that he knew A. Jones Taylor & Bro. and Jno. M. Cooper; that A. Jones Taylor & Bro. were insolvent on the 1st day of January, 1888, and during January of that year; that they sold all the real estate they had to Jno. M. Cooper on the 4th day of January, 1888; that their stock of goods was all attached by different creditors on the 23rd day of January, 1888, and that the proceeds of their property fell far short of paying the debts of said attaching creditors; that Jno. M. Cooper was a clerk for Taylor & Bro. during the month of January, 1888, and before that time; that from his best information said Cooper was a brother-in-law of one of the Taylors.   "The statement that Taylor & Bro. were insolvent on the first day of January, 1888, is based on facts existing and known to me during January, 1888, and subsequent thereto."

M. A. Cooper testified that A. Jones Taylor & Bro. were insolvent on the first day of January, 1888, and during said month, and it was admitted that E. Rotan would testify the same as M. A. Cooper.

The testimony of Cooper and Rotan as to the insolvency of A. Jones Taylor & Bro. on the first day of January, 1888, was based on their knowledge of the facts existing on the 23rd day of January, 1888, and subsequent thereto, but they did not know until the 23rd day of January, 1888, that he had disposed of his real estate.

H. C. Lindsey, an attorney, testified that he was associate attorney

for Sprague, Warner & Co. in the case against M. A. Cooper, and that he had investigated the records and ascertained that all the real estate owned by A. Jones Taylor & Bro. was conveyed by their deeds of the 4th day of January, 1888, to John M. Cooper, as set out above in this case, except probably one piece which was conveyed prior to 23d January, 1888, and I think it was conveyed to his father; that A. Jones Taylor & Bro. were insolvent during January, 1888; that he (Lindsey) was also of counsel for Sprague, Warner & Co. in their case against M. A. Cooper, and that the only issue in that case was that the conveyances from A. Jones Taylor & Bro. to John M. Cooper of January 4, 1888, were fraudulent, and that the court found that they were fraudulent, after which the agreement was made with M. A. Cooper, and judgment on said agreement entered, as shown in copy of judgment above.

Defendant put in evidence a number of suits in the county and district courts in this county, showing a large indebtedness by A. Jones Taylor & Bro. on the 1st of January, 1888, few of which received payment, none of which were filed earlier than 23d January, 1888. The stock of goods of Taylor & Bro. was not sufficient by a large amount to pay said debts so sued for, out of which causes executions issued, returned no effects, and most of said debts are now unpaid. M. A. Cooper was one of the attaching creditors among the above, in a County Court case.

Defendant proved that the debt sued for by John I. Adams & Co. v. A. Jones Taylor & Bro. in cause No. 1915 above set out was in existence and due and owing by said Taylor & Bro. to said Adams & Co. before the 1st day of January, 1888.

Among the suits with attachments brought on January 23, 1888, against A. Jones Taylor & Bro. was one by Jno. M. Cooper for services for an amount exceeding $3000, and it was the second suit of the many as to date of filing and date of attachment.

In the suit of Sprague, Warner & Co. v. M. A. Cooper & Co. there was at one time a decision against plaintiffs on the ground that they had failed to prove that they were creditors of Taylor & Bro. at the date of conveyance to Jno. M. Cooper. Motion for new trial was filed, new trial granted. Said motion was sworn to and defendant put it in evidence. It contains the following: "Motion for new trial because the evidence shows that the defendant, M. A. Cooper, acquired the land in controversy in this suit in fraud of the creditors of A. Jones Taylor & Bro."

Defendant put in evidence the affidavit for attachment in the cause of Sprague, Warner & Co. v. A. Jones Taylor & Bro., No. 4665 on District Court docket, made on the 24th day of January, 1888, in which they swear, "That A. Jones Taylor & Bro. have disposed of their property in part with intent to defraud their creditors." The court, by request, states that it was and is his conclusion from the facts in this case that A. Jones Taylor & Bro. were insolvent on the 1st day of January, 1888.

*Opinion.*—Although the attachment lien under which appellant claims the land was anterior to the lien acquired by appellees, still, as appellant relies on the sheriff's deed made in pursuance of the judgment foreclosing the former lien, and as he failed to have his deed recorded until after appellees acquired their lien on the land without notice of the sale and deed to appellant, the court below, following the doctrine announced in Grace v. Wade, 45 Texas, 522, held that appellees' title acquired at sheriff's sale under a foreclosure of their lien was superior to appellant's, although they had notice of his rights at the time the latter sale was made.

Appellant contends that, inasmuch as he had a prior lien on the land, the doctrine of Grace v. Wade should not apply to this case, and cites the case of Brackenridge v. Cobb, 85 Texas, 448, in support of his contention.

In the case cited the judgment under which Cobb purchased the land was rendered August 28, 1885. Execution issued thereon September 28, 1885, which was levied on the land September 29, 1885, and the land sold the first Tuesday in November, 1885, and the sheriff's deed to Cobb was dated December 21, 1885, and recorded April 17, 1886. Brackenridge's claim to the land was under a judgment rendered October 9, 1885, an abstract of which was recorded October 10, 1885. Execution issued March 8, 1890, levied on the land March 9, 1890 (after Cobb's deed had been recorded), and on the first Tuesday in April, 1890, Brackenridge bought the land at execution sale under his judgment. Cobb's deed was recorded at the time Brackenridge bought the land, and under these circumstances the Supreme Court held that Cobb had not lost his right by failure to record his deed after the registration of the judgment under which Brackenridge claimed, for nothing had occurred after the registration of the judgment and before the record of the deed under which Cobb and the other defendants claimed to affect the rights of the parties in so far as they depended on registration statutes.

However, in the present case, appellees had bought the land and received and recorded their deed before appellant's deed was recorded.

The statute construed in Grace v. Wade, supra, declares that, "All bargains, sales, and conveyances whatsoever, of any lands, tenements, and hereditaments, whether they may be made for passing any estate of freehold or inheritance, or for a term of years; * * * and all deeds of trust and mortgages whatsoever, which shall hereafter be made and executed, shall be void as to all creditors, and subsequent purchasers for valuable consideration without notice, unless they shall be acknowledged or proved, and lodged with the clerk to be recorded according to the directions of this act, but the same, as between the parties and their heirs, and as to all subsequent purchasers, with notice thereof, or without consideration, shall nevertheless be valid and binding."

This is an action of trespass to try title in which appellant relies upon a sheriff's deed as a link in his chain of title; and as it is such an in-

strument as the statute quoted declares shall be void as to creditors un-
less duly recorded, we see no reason why the statute referred to and the
doctrine announced in Grace v. Wade should not apply in this case.
Herman on Executions, sec. 339; Pollard v. Cocke, 19 Ala., 188;
Hooker v. Nichols, 21 S. E. Rep., 207; Massey v. Thompson, 2 Nott
& McCord, 105.

This disposes of the only question presented in appellant's brief, and
the judgment will be affirmed.

*Affirmed.*