J. J. & J. E. MADDOX v. A. J. ARP et al.

*Deed—Registration—Notice—Priority—" Connor's Act."*

Under "Connor's Act" (ch. 147, Acts of 1885), which provides that no conveyance of land or contract to convey shall be valid as against purchasers for value but from the registration thereof, actual notice of a prior unregistered contract to convey cannot, in the absence of fraud, affect the rights of a subsequent purchaser for value whose deed is duly registered.

This was a CIVIL ACTION, tried before *Graves, J.*, and a jury, at July Special Term, 1893, of CHEROKEE Superior Court, upon the pleadings, issues, exhibits and other evidence offered on the trial, as follows:

The plaintiffs offered and read in evidence note and mortgage deed for two town lots, Nos. 7 and 8, described in complaint, made to J. J. & J. E. Maddox by A. J. Arp and wife, dated 23d August, 1890, and registered on same day; also a deed from E. M. Kilpatrick and wife to H. C. Culberson and M. R. Hyatt on 26th January, 1891, for lot No. 7, which deed was registered 28th day of January, 1891; also deed from H. C. Culberson to M. R. Hyatt for his interest in lot No. 7, dated August 8, 1891, registered October 9, 1891; also deed from M. R. Hyatt to Daniel Briscoe, P. J. Briscoe, S. C. Reney and R. R. Swepson for

said lot No. 7, dated August 8, 1891, registered October 9, 1891; also bond for title for said lot of land from E. M. Kilpatrick to A. J. Arp, dated 23d May, 1888, and the assignment thereon to Culberson and Hyatt, dated 23d January, 1891, which bond was registered 22d May, 1892.

Plaintiffs withdrew allegations of fraud and disclaimed the ten per cent. attorney's fees.

There was parol evidence on part of plaintiffs tending strongly to show that defendants had actual notice of plaintiffs' mortgage before they purchased.

The defendants offered and read in evidence deed from M. R. Hyatt to Daniel Briscoe, P. J. Briscoe, S. C. Reney and R. R. Swepson for lot No. 7, dated August 8, 1891, registered October 9, 1891.

Defendants Briscoes, Reney and Swepson offered evidence tending to prove that they did not have any notice of plaintiffs' mortgage nor of the bond for title, and that they paid the sum of $425 for lot No. 7, which was full value for same.

It was further in evidence that Arp did not pay any of the purchase-money for said lot, but that Culberson and Hyatt paid Kilpatrick for same, which was $25, with interest.

It was in evidence that Briscoes, Reney and Swepson resided in Knoxville, Tennessee.

The counsel for the defendants Briscoes, Reney and Swepson argued to the jury and to the Court and insisted that the defendants Briscoes, Reney and Swepson were innocent purchasers for value without notice of plaintiffs' claim; that the registration of the mortgage from Arp and wife to plaintiffs was not notice to these defendants unless they had actual notice of the same or of the said bond of Kilpatrick to Arp, there being no title in Arp or registration of the same for said lot of land; that if the said bond had ever

been held by said Arp and assigned by him to Culberson and Hyatt, the same not having been put to registration, the same would not be notice to Briscoes, Reney and Swepson for want of record title in Arp; that the registration of said mortgage to plaintiffs would not be such notice to said defendants as would prevent them from taking the land as innocent purchasers unless they were fixed with actual notice of the bond and mortgage at the time of their said purchase, there being no title in the said Arp.

The Court charged the jury that if the defendant Arp executed a mortgage to plaintiffs and that mortgage was duly registered, then the public registration became notice to all persons, whether they be residents of this State or of another State, so if Briscoes, Reney and Swepson became purchasers after the registration of the mortgage they took with notice of plaintiffs' claim; if Kilpatrick had executed a bond for title whereby he agreed to make title to Arp, Arp thereby acquired an equitable right to have the land described in the bond conveyed to him on the payment of the purchase-money, and such right may be conveyed to another, and if Arp did make the mortgage to plaintiffs they became entitled to all the equitable right Arp had, and if after the mortgage to plaintiffs Arp conveyed this equitable right to another, that would not convey the equitable right from the plaintiffs, and if such other got the legal title from Kilpatrick he held it subject to the equity of the plaintiffs; and if he conveyed it to Culberson and Hyatt they took it subject to the equitable right of plaintiffs, and if the legal title was conveyed to Briscoes, Reny and Swepson, if they took it with notice, they held the legal title subject to the rights of the plaintiffs to have the land conveyed to them upon their payment of the purchase-money and interest to Briscoe & Co.

The defendants Briscoes, Reney and Swepson excepted to the errors in the charge of the Court.

The jury found all issues in favor of plaintiffs.

Motion by defendants Briscoes, Reney and Swepson for new trial of the action for the errors committed by the Court in his instructions to the jury, as set out in the case on appeal; motion denied; judgment by the Court accordingly, and said defendants appealed.

*Mr. E. B. Norvell,* for plaintiffs.

*Messrs. J. W. & R. L. Cooper,* for defendants (appellants).

SHEPHERD, C. J.: It is provided by ch. 147, Acts 1885, that "No conveyance of land nor contract to convey, or lease of land for more than three years, shall be valid to pass any property as against creditors or purchasers for a valuable consideration from the donor, bargainor or lessor but from the registration thereof within the county where the land lieth." The present case not being within the proviso of the act, actual notice of a prior unregistered contract to convey cannot, in the absence of fraud, affect the rights of a subsequent purchaser for value whose deed is duly registered according to law. The allegations of fraud having been withdrawn, the only question to be determined is whether there was anything on the books of registration which could affect the defendants Briscoes, Reney and Swepson with notice of the claim of the plaintiffs. The plaintiffs took a mortgage from Arp and Arp had nothing but an unregistered contract to convey from Kilpatrick. The said defendants purchased from Hyatt, who had a clear registered chain of title from Kilpatrick, and all that they had to do was to follow "up the stream of title" as it appeared of record; and if it was unbroken and they found no registration of a contract of sale from

any of the holders of the legal title they could not be compelled to look over the whole records for the mortgage from Arp to the plaintiffs, when the records would not have disclosed any connection of Arp with the line of title.

There is error.  Reversed.