G. W. TRUITT v. C. W. GRANDY et al.

*Registration—Unrecorded Deed — Constructive Notice—Chain of Title—Possession.*

1. A purchaser of land is not chargeable with notice of anything contained in instruments lying outside of the chain of title.

2. B. conveyed land to H. & S. in January, 1878, by deed, which was not recorded until February, 1889, and afterwards, in 1886, conveyed the same land in trust to P. to secure a debt due to T., who purchased at a foreclosure sale by the trustee, P. having no actual notice of the unregistered deed. In January, 1878, H. & S. conveyed the land to J. by deed, recorded in October, 1878, in trust to secure a debt due to G., who bought at a sale under the latter trust deed. Upon the trial of an action by T. against G. for

recovery of the land there was evidence tending to show that at the date of B.'s deed in trust to P. the land was in possession of a tenant of B., and not of H. & S. as defendant claimed: *Held* (1), that neither P. nor his vendee T. was affected with constructive notice of the unregistered deed by the recitals in the deed of trust of H. & S. to J.; (2) that if the person in possession of the land was tenant of B. it was not incumbent upon P. (or T.) to enquire further, in the absence of other circumstances, and such possession of the tenant alone would not be constructive notice of the deed under which G. claims.

CIVIL ACTION, for the recovery of land, tried before *Arm-field, J.,* and a jury, at Spring Term, 1894, of HERTFORD Superior Court.

There was a judgment for the defendant upon a verdict rendered in accordance with the instructions of his Honor, and the plaintiff appealed.

The facts are stated in the opinion of Chief Justice SHEP-HERD.

*Mr. L. L. Smith,* for plaintiff (appellant).
*Messrs. Pruden & Vann,* for defendant.

SHEPHERD, C. J.: The plaintiff claims under a deed executed to him by R. R. Prentiss, trustee, in a deed of trust executed to said Prentiss by J. D. Brett and wife on January 16, 1886, and duly registered on February 26, 1887. The defendants, the Grandys, claim under a deed executed to them by T. R. Jernigan, trustee, in a deed executed to said Jernigan by Harrell & Sharpe, dated January 1, 1878, and duly registered on October 17, 1878. The defendants also introduced a deed to the said Harrell & Sharpe executed by J. D. Brett and wife on January 1, 1878, which deed was not registered until October 11, 1889.

As there is no contention that Prentiss had actual notice at the time of the execution of the deed to him, the question upon which the case is to be determined is whether he had

constructive notice of the conveyances above mentioned. It is plain that he did not have constructive notice by registration, as there is nothing in the record to show that the trustor, Brett, had conveyed the property to Harrell & Sharpe. All that Prentiss was required to do was to "follow up the chain of title as it appeared of record," and if it was unbroken, and he found no registration of a deed from Brett, or those under whom he claimed, he was not compelled to look over the whole record for the deed of trust from Harrell & Sharpe to Jernigan, when the registry would not have disclosed any connection of the said parties with the line of Brett's title. *Maddox* v. *Arp*, 114 N. C., 585.

Having no notice by registration, the next point to be examined is whether Prentiss, under the proviso of section 1, ch. 147, Acts 1885 (the act relating to the registration of deeds), had constructive notice of the said unregistered conveyance by reason of the possession of Harrell & Sharpe, or of those claiming under them, at the time of its execution, on January 16, 1886. There was testimony tending to show that Harrell & Sharpe were not then in possession, but that the land had been leased by an agent of Brett to one Mebane Norvell. If the jury should find that Norvell was the tenant of Brett, it must be assumed that if Prentiss had made inquiry of him he would have been so informed. The information thus obtained would have been entirely consistent with the record title of Brett, and in the absence of other circumstances there would have been no duty on the part of Prentiss to make further enquiry. Such possession alone would not therefore be constructive notice of the deeds under which the defendants claim.

This view of the case was not submitted to the jury, but upon the whole evidence the Court held that the plaintiff was not entitled to recover. This ruling, in our opinion, was erroneous, and there must be a new trial.

New Trial.