## COLLINS v. DAVIS.

(Filed March 10, 1903.)

1. MORTGAGES—*Assignments.*

   The transfer of a note and mortgage by a mortgagee does not divest him of the legal title.

2. DEEDS—*Mortgages—Registration—Acts 1885, Ch. 147—The Code, Secs. 1254 and 1245.*

   The proviso in Acts 1885, Ch. 147, Sec. 1, making actual possession notice to subsequent purchasers, applies only to deeds executed prior to Dec. 1, 1885.

3. DEEDS—*Registration—Notice—Mortgages.*

   No notice, however full or formal, will supply the want of registration of a deed.

4. COLOR OF TITLE—*Deeds—Registration.*

   An unregistered deed is not color of title.

5. MORTGAGES—*Notice—Vendor and Purchaser.*

   A person who purchases land with notice of an uncancelled mortgage thereon is charged with notice of all rights of the mortgagee and those claiming under him.

6. MORTGAGES—*Payment—Substitution.*

   The substitution of one note and mortgage for another will not constitute payment of the original note and mortgage unless they are surrendered to the mortgagor.

ACTION by Mariah Collins, administratrix of J. T. Collins, against John C. Davis and others, heard by Judge *M. H. Justice* and a jury, at January Term, 1902, of the Superior Court of Franklin county. From a judgment for the plaintiff the defendant Davis appealed.

*Battle & Mordecai,* for the plaintiff.

*F. S. Spruill,* and *W. H. Yarborough, Jr.,* for the defendant.

CONNOR, J. This is an action brought by the plaintiff, administratrix *cum testamento annexo* of J. T. Collins, deceased, for the purpose of foreclosing a mortgage executed

by defendant Davis to her intestate.  For the purpose of adjusting the rights and equities of all parties in interest, B. H. Tyson is joined as a party plaintiff and D. S. Leonard and D. T. Hollingsworth as parties defendant.  The material facts as gathered from the pleadings and findings of the jury, upon issues submitted to them, are as follows:

D. S. Leonard being the owner of a share of a tract of land situated in Franklin county, for the purpose of securing the payment of a note of $217.50, executed to the plaintiff B. H. Tyson a mortgage on the same bearing date March 1, 1881. The note was due and payable Nov. 1, 1881.  The mortgage was duly recorded.  On January 1, 1888 the said Tyson, for value, transferred and assigned the note and mortgage to J. T. Collins.  On March 3, 1891, there was due on said note the sum of $321.15 and on said day the said Leonard, Davis and Collins entered into an agreement, whereby the said Davis assumed the payment of said note, and the said Leonard executed a deed to him for a portion of said land, containing 56 acres.  Davis executing to Collins a note for $321.15 and a mortgage on said land to secure its payment.  Said deed was never recorded.  The said mortgage was duly recorded. Collins did not cancel the Tyson mortgage on the record, nor does it appear that he actually surrendered the note for $217.15.  Davis entered into possession of said land after the execution of said deed and has remained thereon until the date of the summons herein.  On November 7, 1900, Leonard executed a deed to the defendant, D. T. Hollingsworth for the said 56 acres of land, for and in consideration of $420, and said deed was duly recorded.  J. T. Collins died during the month of February, 1899, leaving a last will but naming no executor, and the plaintiff Mariah Collins was duly appointed administratrix *cum testamento annexo*.  The plaintiff alleged that after said agreement, Davis made several payments on said note, the last being made on May 8, 1894.

The defendant Davis admitted the payments. The defendants, Leonard and Hollingsworth, averred that they had not sufficient knowledge or information to enable them to form a belief as to the said alleged payments.

The foregoing facts were found by the jury upon issues submitted to them, either by consent or under the instructions of the court.

There was no evidence that Hollingsworth had any other notice of the mortgages and deeds above set forth, except such as was afforded by the records. His Honor held that Hollingsworth was a purchaser "for value but with notice."

The sixth issue submitted to the jury was as follows: "Is the plaintiff's cause of action as to Hollingsworth, barred by the Statute of Limitations? Answered under the instruction of the court, no." To this instruction the defendant Hollingsworth excepted. The defendant Hollingsworth, upon the verdict as found, moved for a judgment of non-suit against the plaintiff. The motion was denied and the defendant excepted. The court rendered judgment for the plaintiff directing a sale of the land, etc., and Hollingsworth appealed.

The legal title to the land was conveyed to and continued in B. H. Tyson by virtue of the mortgage of February 15, 1881. The transfer of the note and mortgage to Collins did not divest him of the title. *Williams v. Teachey,* 85 N. C., 402; *Dameron v. Eskridge,* 104 N. C., 621. He held the legal title in trust to secure the payment of the note in the hands of Collins, with the equity of redemption in Leonard. The effect of the agreement between Davis, Leonard and Collins, and the execution of the deed to Davis, was, as between the parties, to transfer or convey the equity of redemption to Davis, who assumed the payment of the Tyson note. It is admitted that the Tyson mortgage has not been cancelled, and there is no evidence that the note was in fact

surrendered to Leonard or Davis. Hollingsworth took his
deed with such notice, as the possession and the registration
of the mortgage from Leonard to Tyson and Davis to Collins,
gave him of the condition of the title.    His Honor was of
the opinion that he purchased with notice, and therefore took
subject to the incumbrances and the equities of Davis.    By
the failure to record the deed from Leonard to Davis, it was
under the provisions of Chapter 149, Laws 1885, invalid as
against Hollingsworth, who purchased for value.    The pro-
viso to said Act, saving the rights of persons in the actual
possession of land applies only to deeds executed prior to
December 1, 1885.    In *Maddox v. Arp,* 114 N. C., 585,
Shepherd, C. J., says: "The present case not being within
the proviso of the act, actual notice of a prior unregistered
contract to convey cannot in the absence of fraud affect the
rights of a subsequent purchaser for value, whose deed is duly
registered according to law."    It will be observed that the
Act of 1885 is an exact copy of Section 1254 of The Code,
with the insertion of the words "conveyance of land or con-
tract to convey or lease" etc., placing deeds upon the same
basis, in regard to registration as mortgages and deeds of
trust; hence, as said by this court in *Allen v. Bolen,* 114 N.
C., 560, "thus applying to the registration of deeds the same
rule applicable to the registration of mortgages."    Since the
passage of the Act of 1829, Chapter 20, brought forward and
incorporated in The Code, Sec. 1254, Reade, J., in *Robinson
v. Willoughby,* 70 N. C., 358, says: "The decisions have been
uniform that deeds in trust and mortgages are of no validity
whatever as against purchasers for value and creditors, unless
they are registered, and that they take effect only from and
after registration just as if they had been executed then and
there.  .  .  .  .   No notice however full or formal will
supply the want of registration."    In *Hooker v. Nichols,* 116
N. C., 157, Faircloth, C. J., quoting the language of Chapter

147 of the Acts of 1885 says: "It will be noted that the effective words of this act are identical in substance with Section 1254 of The Code, and we are driven to the conclusion that the legislature with full knowledge of the meaning and effect of said Act of 1829 intended to apply the same rule to all conveyances of land, as declared in the late act of 1885, and we must give the same effect to it."

So that, the defendant Davis, is in respect to the rights of Hollingsworth, in the same position as if he had no deed.

We are thus brought to a consideration of the question presented by the argument of the learned counsel for the plaintiff that the defendant, Hollingsworth, took his deed with notice of the equities of Davis ;that Davis' possession put him upon notice of such equities as he acquired by the agreement of March 3, 1891, and the execution of the deed by Leonard. If this be conceded, we do not perceive how it will avail Davis or his mortgagee Collins. If Davis acquired no title to the land as against Hollingsworth because of his failure to record his deed, we do not see how he could have acquired any equity affecting Hollingsworth. Suppose that Hollingsworth had admitted that he had actual knowledge of the entire transaction and of the execution of the deed, we cannot see how his position would be affected. The *deed* was invalid to convey the title as against him by the Act of 1885. It may be that if Davis had actually paid the Tyson note he would be subrogated to the security afforded by the mortgage given to secure the same, but, as he did not pay the note, this question is not presented.

We must therefore conclude that Hollingsworth took the title, free from any incumbrances placed upon it by the deed from Leonard to Davis or the mortgage from Davis to Collins.

The plaintiff however insists that Davis' possession, under the deed from Leonard, for more than seven years ripened

into title.    His counsel conceded that this court has decided *in Austin v. Staten,* 126 N. C., 783 and reaffirmed in *Lindsay v. Beaman,* 128 N. C., 189, that since and by virtue of the Act of 1885, an unregistered deed is not color of title.    The learned counsel for the plaintiff, in an able and interesting argument asks us to reverse the decision in *Austin v. Staten, supra.*    It is not clear that the legislature intended or contemplated this radical change of the law in this respect.    The court recognizes the fact that the question presented was "new and important."    We would not be disposed to give to that decision any other or further effect than was necessary in that and other cases coming clearly within the same principle.    The proposition as stated by the Chief Justice may be broader than was necessary to the disposition of that case, and while we are not disposed to disturb it in so far as we have suggested, we think it well to restate the principle as confined in its application to the case before us.

We therefore hold that where one makes a deed for land for a valuable consideration and the grantee fails to register it, but enters into possession thereunder and remains therein for more than seven years, such deed does not constitute color of title and bar the entry of a grantee in a subsequent deed for a valuable consideration who has duly registered his deed. We use the term "purchaser for a valuable consideration" in the sense in which it is defined by this court in *Fullenwider v. Roberts,* 20 N. C., 278, "A fair and reasonable price according to the common mode of dealing between buyers and sellers," or as said by Pearson, C. J., in *Worthy v. Caddell,* 76 N. C., 82, "The party assuming to be a purchaser for valuable consideration must prove a fair consideration, not up to the full price, but a price paid which would not cause surprise or make any one exclaim 'he got the land for nothing,' there must have been some fraud or contrivance about it.' "

Except in cases coming within this rule, the rights acquired

by adverse possession for seven years under color of title are not disturbed or affected by the Act of 1885. To this extent we affirm the law as laid down in *Austin v. Staten, supra.* It is in harmony with the legislative purpose and policy incorporated into our laws by the Act of 1885. The Act intended to make secure, and give notice of the condition of titles and thereby prevent the evils existing under the law prior thereto, and must be construed with reference to this evil and in furtherance of the remedy.

No question seems to have been made in regard to Hollingsworth being a purchaser for value, but his Honor directed the jury to find that he purchased "with notice." We construe this to mean with notice of the agreement between Davis, Leonard and Collins, and the rights, if any, of Davis under the deed from Leonard. There being no evidence of any other notice than Davis' possession and the mortgage to Collins, we think his Honor erred in so instructing the jury. In fact we do not think any notice thereof, however full and complete, would affect his rights. We do think however that he purchased with notice of the uncancelled mortgage to Tyson and was thereby fixed with notice of whatever rights Tyson or the holder of his note had. If he had enquired of Tyson he would have learned that the note had been transferred to J. T. Collins, and it would have been his duty to enquire of Collins in respect to the payment of the note. "The record of an unsatisfied mortgage is sufficient to put a third person upon inquiry, and whatever puts a person upon inquiry is in equity notice to him of all the facts which such inquiry would have disclosed." *Bolles v. Chauncey,* 8 Conn., 389. "One who purchases premises covered by an undischarged mortgage cannot claim to be a purchaser without notice of the equities of the mortgagee, simply because the mortagagor has possession of and exhibits to him the notes described in the mortgage, when he has knowledge of facts suf-

ficient to put a prudent man upon inquiry, and the mortgagee is well known and easily accessible to him, an inquiry of the mortgagee would have elicited information that the mortgage was still in force as between the original parties." *Boxheimer v. Gunn,* 24 Mich., 272; Jones on Mortgages, 927.

Did the agreement and what was done pursuant thereto discharge, as between the parties, the Tyson note and the mortgage? The general rule undoubtedly is that nothing, save actual payment of the debt, will as between the parties operate to discharge the mortgage. Davis assumed the payment, but by reason of his neglect to record his deed, the mortgage executed by him became ineffectual as against Hollingsworth. He has not paid the note and has not, nor is he seeking to set up any rights against Collins. Leonard has never paid the note, nor did he demand the surrender of the note or the cancellation of the mortgage. Hollingsworth took with notice of the uncancelled mortgage. If, as was his duty, he had made inquiry, he would have learned of the existence of the mortgage from Davis to Collins and that the debt had not been paid. He purchased an equity of redemption from Leonard and cannot perfect his legal title without demanding of Tyson and Collins a cancellation of the mortgage. We think that a court of equity would not grant to him this relief, until the note was paid. "Courts of equity will, to accomplish the ends of justice, keep alive a security which in form has been surrendered." Pingree on Mortgages, Sec. 1212. "Where one mortgage is substituted for another, equity will keep the first alive when the interest of justice requires it." *Tollman v. Smith,* 85 Cal., 280; *Richardson v. Hockenhull,* 85 Ill., 124; 1 Jones Mortgages, 873.

We have not overlooked the case of *Smith v. Bynum,* 92 N. C., 108. There, the note and mortgage were surrendered to the mortgagor.

We think therefore that as against Leonard the Tyson mortgage was not cancelled or extinguished, and that Hollingsworth is fixed with notice and took subject thereto.

The defendant Hollingsworth says however that the Tyson note and mortgage are barred by the Statute of Limitations. This is true, unless the payments were made by Davis, as alleged. The note was due November 1, 1881, and there is no allegation of any payment by Leonard since March, 1891. The payment of May, 1894, is admitted by Davis, but as Hollingsworth does not claim under him, we do not think the admission binding upon, or any evidence against him. Leonard and Hollingsworth deny the payments. No issue was submitted to the jury in respect to them, but the general issue in regard to the Statute of Limitations 'was submitted and answered under the instruction of his honor in the negative. In this, we think there was error and entitles the defendant Hollingsworth to a new trial on this issue.

It is the duty of the plaintiff to show the payments. She offered no evidence in regard thereto. We think that a payment by Davis, within the ten years, would prevent the bar.

We remand the case for a new trial upon the issue in regard to the statute, which will be answered in accordance with the evidence of payments, as alleged. The court will thereupon render judgment according to the principles announced herein. There must be a

New trial.