LATON v. CROWELL.

(Filed November 15, 1904).

DEEDS—*Evidence—Recordation—Acts 1885, ch. 147—The Code, sec. 1245.*

A deed executed prior to the registration act of 1885, ch. 147, but not registered until after the registration of a mortgage from the same grantor, is competent evidence to show title in the grantee, he being in possession before the passage of the said act.

ACTION by J. W. Laton against R. A. Crowell, heard by *Judge O. H. Allen* and a jury, at March Term, 1904, of the Superior Court of STANLY County.

This is an action for the recovery of land. Both parties claimed under John Cox. Plaintiff introduced a deed from said Cox and wife to Jane Simpson, bearing date March 1, 1883, registered August 13, 1901; deed from Nathan Simpson and wife Jane, bearing date August 3, 1901, registered August 10, 1901.

The defendants introduced a deed in trust from Cox to A. C. Freeman, bearing date January 21, 1884, recorded March 17, 1891. Deed from A. C. Freeman, trustee, to E. J. Freeman, bearing date October 17, 1891, registered same day. Deed from E. J. Freeman and wife to A. C. Freeman, bearing date October 17, 1891, registered October 19, 1891. Deed from the widow and heirs at law of A. C. Freeman to defendants, duly registered. Record in case of *A. C. Freeman v. John Cox and Nathan Simpson,* Fall Term, 1891, Stanly Superior Court, complaint averring title to *locus in quo* in plaintiff, that defendants were in possession, etc. Judgment by default for plaintiff. This record was admitted after objection by plaintiff. Exception. The plaintiff introduced Nathan Simpson and proposed to show that Jane Simpson and plaintiff claiming under her have

been in the open, notorious, adverse and actual possession of the land described in the complaint under a deed from John Cox to her as color of title ever since the date of said deed in 1883 to some time in the summer of 1900 under well-known metes and bounds. The defendant objected. Objection sustained. Plaintiff excepted. Upon the intimation of the Court that plaintiff could not recover, he submitted to a nonsuit and appealed.

*J. Milton Brown, Adams, Jerome & Armfield* and *J. C. Wright,* for the plaintiff.
*R. L. Smith* and *R. E. Austin,* for the defendant.

CONNOR, J., after stating the case. The testimony should have been received, not for the purpose suggested, but to show, if believed by the jury, that the plaintiff's case came within the proviso in chapter 147, Acts 1885. After declaring that no deed, etc., should be effectual to pass title as against purchasers and creditors, except from the registration thereof, is the following language: "Provided that no purchase from any such donor, bargainor or lessor shall avail or pass title as against any unregistered deed executed prior to the first day of December, 1885, when the person or persons holding or claiming under such unregistered deed shall be in the actual possession and enjoyment, either in person or by his, her or their tenants of such land    *    *    * at the time of the execution of such second deed," etc. The deed to Jane Simpson having been executed March 1, 1884, comes strictly within the proviso if it is shown that she was in possession under said deed at the time of the execution of the mortgage deed of January 21, 1884. The history of the registration laws of the State shows that frequent efforts were made to place deeds in respect to registration as affecting purchasers and creditors on the same footing with mort-

gages and deeds in trust. As the State became an inviting field for the investment of capital in the development of its resources in mines, lumber, water-power and agriculture, the laxity of our registration laws were found to be an obstacle to progress. The General Assembly at each session having passed acts extending the time for the registration of deeds, section 1245 of The Code requiring registration within two years after the date of deeds was not only abrogated but was misleading. This Court uniformly held that the grantee holding an unregistered deed had either an incomplete, or as was sometimes said, an equitable title, which became perfect when the deed was registered and related back to its delivery; that the title when perfected by registration was paramount to title acquired by a purchaser for value without notice from the grantor although registered before the deed of prior date. The question is discussed with his usual ability, and the authorities reviewed by *Ruffin, J.,* in *Phifer v. Barnhart,* 88 N. C., 333. In this condition of the law it was impossible to make a perfect abstract of title to land or buy with safety. When the General Asssembly of 1885 undertook to legislate on the subject, it was objected that so radical a change and departure from the law and policy which had prevailed for more than a century would endanger many titles and encourage frauds. To meet this well-founded apprehension the safeguards expressed in the several provisos found in the statute were incorporated. The effect of the first was to extend the time of the operation of the act to January 1, 1886. The second proviso protected titles acquired and held under unregistered deeds prior to December 1, 1885, if the holders of such titles were in the actual possession of the lands, or persons purchasing from the grantor had actual or constructive notice of such unregistered deed. The deed to Jane Simpson is within the second proviso. It is true the case comes within the evil

intended to be remedied by the statute. It was impossible, in putting into operation a change so radical, in respect to a subject so important, to prevent some hard cases. If the defendant and those under whom he claims knew that Jane Simpson and those claiming under her were in the actual possession of the land at the time the mortgage was executed, prudence would have suggested that they make inquiry in regard to her claim. It is held by this Court in *Cowen v. Withrow,* 116 N. C., 771, that the deed could be registered after January 1, 1886, and that when so registered it came within the principle announced in *Phifer v. Barnhart, supra,* and conferred a good title as against the mortgage deed under which defendant derives his title. Of course, what is here said applies only to deeds coming within the proviso. The deed was not color of title, but after registration it conferred a perfect title. The cases of *Austin v. Staten,* 126 N. C., 783, and *Collins v. Davis,* 132 N. C., 106, have no application to the facts in this case. The record in the suit of *Freeman v. Cox and Nathan Simpson,* was not admissible against the plaintiff claiming under Jane Simpson, who was not a party thereto. The judgment in that action did not affect her rights. In rejecting the testimony offered to show Jane Simpson's possession there was error, for which the plaintiff is entitled to a

New Trial.