WOOD v. TINSLEY.

(Filed May 25, 1905.)

*Effect of Connor Act on Parol Contracts—Rights of Vendee —Purchaser for Value—Purchase Money and Betterments.*

1.  Since the Connor Act (Laws 1885, chapter 147), one who goes into possession of land under a parol contract to convey, paying the purchase money and making improvements thereon, cannot assert the right to remain in possession until he is repaid the amount expended for purchase money and improvements as against a purchaser for value from the vendor, holding under a duly registered deed, though the purchaser had notice of the contract. (Expressions in the opinion in *Kelly v. Johnson,* 135 N. C., 647, conflicting herewith were *obiter* and are corrected.)

2.  A claim for betterments, under section 473 of The Code, cannot be set up on the trial to resist the plaintiff's recovery, but by petition filed after a judgment declaring the plaintiff the owner of the land.

3.  - *Quere:* What effect has the Connor Act upon equities and equitable titles arising out of parol trusts or attaching to the legal title by construction or implication?

ACTION by T. S. Wood and another against Pearce Tinsley, heard by *Judge Thomas J. Shaw* and a jury, at the Au-

gust Term, 1904, of the Superior Court of Transylvania County.

This was an action for the recovery of land. The plaintiffs alleged that they are the owners of the land described in the complaint and that the defendant was in the wrongful possession thereof. The defendant by way of answer alleged that prior to December 1, 1893 one W. L. Lankford was the owner in fee of the land described in the complaint and contracted in parol to sell the land to the defendant, with the exception of ten acres; that in pursuance of said contract the defendant paid Lankford the sum of $75, the purchase price thereof; that relying on said contract, he erected a dwelling house, cleared six acres and planted an orchard thereon; that the plaintiffs had full knowledge of the fact that he had purchased the land from Lankford and had paid him for it and had made improvements on it, taking the deed therefor. The plaintiffs by way of reply admitted that Lankford was the owner of the land, denied that they had any knowledge or information in regard to the alleged contract of purchase or improvements, etc. The only issues submitted to the jury were as to the plaintiffs' ownership and the defendant's possession. On the trial the defendant offered to prove that he had made a verbal agreement with Lankford to purchase the land and had gone into the possession of the same in the year 1893; that he had paid the purchase money and had built a dwelling house, etc., on the land. The defendant also offered to prove that Pless, the mortgagee, and the plaintiffs all had notice of said contract, etc. The plaintiffs objected to all of the evidence on the ground that the alleged contract of purchase was not in writing and that they claimed under the mortgage executed by Lankford to one Pless, which was duly registered, and that pursuant to the power in the mortgage, Pless sold the land which was bought by the plaintiffs, who took a deed therefor, which was duly recorded. The objection was sustained and the defendant excepted. Under

WOOD *v.* TINSLEY.

the instruction of the court the jury returned a verdict in favor of the plaintiffs and from the judgment thereon the defendant appealed.

*Geo. A. Shuford* and *Shepherd & Shepherd* for the plaintiffs.

*W. W. Zachary* for the defendant.

CONNOR, J., after stating the facts: The sole question presented by the defendant's exception is whether, since the Act of 1885, Ch. 147, one going into possesion of land under a parol contract to convey, paying a part or all of the purchase money and making improvements thereon, can resist an action for the possession by a purchaser for value from the vendor, until he has paid the amount expended for purchase money and improvements. Chapter 147 enacts that "No conveyance of land, nor contract to convey, nor lease for more than three years, shall be valid at law to pass any property as against creditors or purchasers for a valuable consideration from the donor or bargainor, but from the registration of such deed." This court has consistently, and without the slightest variation, held that the statute placed deeds and contracts to convey upon the same footing, as to registration, as mortgages and deeds of trust had theretofore been since the Act of 1829 (Code, sec. 1254). *Reade, J.,* in *Robinson v. Willoughby,* 70 N. C., 358 said: "Prior to 1829, it was settled by elementary writers and by the decisions of our own courts that an unregistered incumbrance would be upheld by the courts of equity against a subsequent unregistered incumbrance or conveyance with notice of the former, and that creditors and purchasers for value were affected by notice of prior equities." He said that such was then the law, except as to deeds of trust and mortgages, concluding: "Since that statute, the decisions have been uniform that deeds in trust and mortgages are of no validity

whatever as against purchasers for value and creditors, unless they are registered; and that they take effect only from and after registration, just as if they had been executed thèn and there." *Blevins v. Barker,* 75 N. C., 436; *Todd v. Outlaw,* 79 N. C., 237, and many other cases. In *Hinton v. Leigh,* 102 N. C., 28, *Merrimon, J.,* says that no notice "however clear" of a prior unregistered mortgage could prejudice a purchaser for value. *Quinnerly v. Quinnerly,* 114 N. C., 145. It is thus settled beyond controversy that as against purchasers for value an unrecorded mortgage has no validity either by way of passing title or creating a lien, equitable or otherwise.

Referring to the Act of 1885 in *Hooker v. Nichols,* 116 N. C., 157, *Faircloth, C. J.,* said: "It will be noted that the effective words of this act are identical in substance with section 1254 of The Code, and we are driven to the conclusion that the legislature, with full knowledge of the meaning and effect of said Act of 1829, intended to apply the same rule to all conveyances of land, as declared in the late Act of 1885, and we must give the same effect to it." *Allen v. Bolen,* 114 N. C., 560.

In *Collins v. Davis,* 132 N. C., 106 we held that no notice however full or formal will supply the want of registration. In *Maddox v. Arp,* 114 N. C., 585, *Shepherd, C. J.,* referring to the position of one claiming under an unregistered contract to convey, said: "Actual notice of a prior unregistered contract to convey cannot, in the absence of fraud, affect the rights of a subsequent purchaser for value whose deed is duly registered according to law." These, and other cases in our reports, fully sustain the proposition that if the defendant had taken a written contract from Lankford to convey, and paid the entire purchase money, going into possession and putting improvements upon the land, and had failed to register such contract, it would not be valid at law to pass any property in the land against the plaintiff.

It must follow from the statute and these decisions that if, after the execution and registration of the mortgage to Pless, Lankford had, in accordance with his parol contract, executed a deed to the defendant, it would have been of no validity as against the plaintiff. It is difficult to perceive how the defendant, being in possession under a parol contract, not enforcible against Lankford, can be in any better or stronger position than if he had Lankford's deed unregistered—or how he has any equity affecting the legal title to which he can resort to prevent the plaintiff's recovery.

Our attention is called to a number of decisions of this court in which it is held that when one induces another to enter upon and improve land under a parol promise to convey, he will not, upon repudiating his contract, be permitted to oust him until he has compensated such person for the enhanced value of the land, less reasonable rents and profits. The doctrine is first announced by this court in *Baker v. Carson,* 21 N. C., 381. The right of the vendee to retain possession does not rest upon the idea that any equitable right to or trust attaches to the legal title by virtue of the parol agreement followed by possession and improvement. This right was recognized by the English Chancellors under the doctrine of part performance. Mr. Bispham thus illustrates the doctrine: "Hence, if a verbal contract is made for the sale of real estate, and is acted upon to the extent above indicated, neither party can then refuse to perform it on the ground that the provisions of the Statute of Frauds have not been complied with. If, for example, upon the faith of a parol agreement, the purchaser has gone into possession, has paid the purchase money and has made valuable improvements, the vendor will not be suffered to set up the Statute of Frauds as a ground for refusing to execute the contract. The case, as it is said, is taken out of the statute." Eq. 384. This doctrine is held and enforced in many of the States of the Union, but has been repudiated by this court. *Ellis v.*

*Ellis,* 16 N. C., 341, and other cases.   In *Baker v. Carson, supra,* the court speaking of the right to remain in possession, asserted by the vendee, said: "This claim to relief is not founded upon the supposed existence of any contract of which it seeks execution, or for the breach of which it asks compensation or damages.   It is an appeal to the court to prevent fraud."   This decision was followed in *Albea v. Griffin,* 22 N. C., 9.   *Gaston, J.,* said: If they (the vendors) repudiate the contract, which they have a right to do, they must not take the improved property from the plaintiff without compensation for the additional value which these improvements have conferred upon the property."   In all of the cases found in our reports involving this equitable doctrine, the same principle prevails.   Prior to *Luton v. Badham,* 127 N. C., 96, the principle was invoked by the vendee to be permitted to retain possession until he was compensated for his improvements.   In that case the court held that the vendor, being in possession, is liable to the vendee for the value of the improvements.   In none of the cases is it suggested that the vendee, under such circumstances may have the vendor declared a trustee, or upon any other principle acquire the title either legal or equitable, to the land. No right in or to the property accrues to the vendee by virtue of the parol contract to convey.   If he seek to enforce it and it be denied, he cannot show its terms, or, if it be admitted and the statute be pleaded, the court will not enforce it.   It may be said that as Lankford could not oust the defendant until he has compensated him for his improvements, the plaintiff, taking title with notice of the inability of his grantor, stands in his shoes and takes subject to the burden or duty resting upon him.   It is true that when one takes with notice of an equity, he takes subject to such equity.   To permit him to take free from an equity attaching to the title in the hands of his grantor, with notice thereof, would be to permit him to participate in a fraud and profit thereby.

There is another well settled maxim—equity follows the law. As we have seen, the law expressly declares that the contract to convey is void as against the plaintiff because not registered; it is difficult to see how any equity can attach to the plaintiff's perfect title by reason of a void, unregistered agreement made with his grantor. For the grantor in an unrecorded deed to sell and convey the same land to another person is a fraud, and if the second grantee has notice of the first deed, he participates in the fraud. Yet, in obedience to a well defined and settled public policy which finds expression in clear and explicit language in the statute, the second grantee takes the title free from any rights or claims of the first grantor or vendor. The answer to the objection is *ita lex scripta est.* The right to retain possession, as against the vendor, repudiating his parol agreement, does not rest upon the statute giving compensation for betterments. As we have seen, it had its origin long before the passage of the Act of 1871-72, Code, sec. 473. In *Justice v. Baxter,* 93 N. C., 405, the defendant claimed his betterments under the statute. The plaintiff objected for that the contract to convey made by a husband and his wife, the latter being an infant, was never recorded. The plaintiff insisted that the defendant in tracing his title back would have discovered that the title was in *feme covert* and had never been divested by any valid conveyance or contract to convey on her part. The court held that such a construction of the statute was too narrow. The basis upon which betterments may be claimed is the finding by the jury that the person in possession, or those under whom he claims, believed at the time of making the improvements and had reason to believe the title good under which he and they were holding the premises. We do not think the defendant is in a position to claim the benefit of this statute. Even if he were in other respects, the exception does not present the question. A claim for betterments under the statute cannot be set up on the trial to resist the plain-

138——33

tiff's recovery, but by petition filed after a judgment declaring the plaintiff the owner of the land. This is illustrated by what is said in *Rumbough v. Young,* 119 N. C., 567.

We have had our attention called to no case in which the defense or claim of the defendant was set up against a purchaser from the original vendor, except as hereinafter noted. However, the question may have been decided prior to the Act of 1885—we are of the opinion that since that statute no such claim can be maintained against a purchaser for value holding under a duly registered deed. Our attention is directed to the opinion in *Kelly v. Johnson,* 135 N. C., 647. We *decided* in that case that one who had been let into possession under a parol agreement and had made improvements was entitled to be compensated, and that as the purchaser had not paid all of the purchase money to the vendor, the vendee interpleader should be paid out of the balance remaining due. The writer in justice to the other members of the court assumes the responsibility for the expressions used in that opinion conflicting with what is here decided, and corrects it by admitting the error into which he fell. The *decision* in that case is correct; the language, in so far as it expresses the opinion that the purchaser was affected by the parol unrecorded agreement, was erroneous and the opinion in that respect is modified.

We carefully refrain from expressing any opinion in regard to the operation of the Act of 1885 as affecting equities attaching to the legal title, as against purchasers for value, beyond what is necessary to the decision of this case. As we have endeavored to show, the defendant here cannot assert against the plaintiff the right to remain in possession until he is compensated for his improvements, because he claims under an unregistered agreement to convey, which comes directly within the express words of the statute. What effect the statute has upon equities and equitable titles arising out of parol trusts or attaching to the legal title by construction

of implication, we express no opinion. The question is important and interesting. Whether persons entitled to such rights come within the words of the statute as claiming under the "donor, bargainor or lessor" must be left for future consideration and be decided when presented. The purpose of the statute was to enable purchasers to rely with safety upon the examination of the records, and act upon the assurance that, as against all persons claiming under the "donor, bargainor or lessor," what did not appear did not exist. That hardships would come to some in applying the rigid statutory rule was well known and duly considered. That every possible effort to reduce the number of such hardships to the smallest possible limit, consistent with the integrity of the statute and the enforcement of the policy upon which it was founded, was made, is shown, by the carefully drawn provisos and safeguards. The change in our registration laws was demanded by the distressing uncertainty into which the title to land had fallen in the State. No one could say for himself or advise others with any certainty or safety in regard to a title. Deeds which for years had not been seen or heard of beyond the family chest or drawer, were brought forward and registered, destroying "by relation" titles which were supposed to be perfect and for which full value had been paid. The statute has been in force without amendment for 20 years. This court has uniformly so construed it that the purpose of the legislature has been effectuated. If the defendant has sustained an injury by the conduct of the person with whom he made a parol contract, which should have been in writing and recorded, it is to be regretted, but it is not the fault of the law. Its protective provisions are clear and explicit. To permit him to disregard it at the expense of the plaintiff who has obeyed it, would be to seriously impair the value of the statute and return to many of the evils which its enactment sought to remove. The judgment must be

Affirmed.

WALKER, J., concurs in result.