### H. A. BROWN v. ALSOP & PIERCE.

(Filed 9 March, 1910.)

**1. Contracts, Oral—Reference to Writing—Parol Evidence.**

Under a verbal contract for plaintiff to deliver sand to defendants for the latter to use under a written construction contract between them and a city, in the latter of which there was a stipulation that all materials must meet requirements of the city engineer, it is competent to show by parol evidence that the plaintiff had refused to agree that the city engineer should pass upon the sand to be delivered, but that the defendants had agreed to take the sand which was shown to them prior to delivery.

**2. Same—Pleadings—Admissions.**

In an action upon an oral contract to furnish defendants certain sand to be used by the latter in certain construction work under a written contract they had with a city, the mere reference to the city contract in the complaint, for the purpose of fixing upon the quantity of sand for plaintiff to have delivered, is no admission that the plaintiff had agreed that the sand should be subject to inspection by the city engineer, because of a stipulation in the city contract that the materials used by the defendants in the construction work should be inspected by him, so as to exclude plaintiff's evidence that he had expressly refused to agree to this under his contract with defendants.

APPEAL from *Guion, J.,* November Term, 1909, of CRAVEN.

Civil action to recover damages for a breach of contract for the sale and delivery of sand to be used by defendant in paving the streets of New Bern.

The following issues were submitted without objection:

1. Did defendant enter into a contract with plaintiff to furnish all the sand to the defendants that they needed in paving the sidewalks of the city of New Bern? Answer: Yes (by consent).

2. Did plaintiff and defendant contract that defendants were to pay plaintiff only for such sand as was accepted by the city engineer? Answer: No.

3. If so, was plaintiff able, ready and willing to perform such contract on his part? Answer: Yes.

4. Did defendants wrongfully break their contracts, as alleged? Answer: Yes.

5. If so, what damage is plaintiff entitled to recover? Answer: $700, with interest.

6. What damage, if any, is defendant entitled to recover by reason of their counterclaim?

From the judgment rendered defendants appealed.

*D. L. Ward* for plaintiff.
*Simmons, Ward & Allen* for defendant.

BROWN, J.   We find no error committed in the trial below, and as the controversy is one almost entirely of fact, we deem it unnecessary to discuss the several assignments of error in detail.

The principal question of law presented arises upon the exception taken to the refusal of the court below to direct the jury upon all the evidence to answer the second issue in the affirmative.   This contention of defendants is based upon the theory that plaintiff made the contract between the city of New Bern and Alsop & Pierce the basis of his action, and said contract requiring that "all material  *  *  *  must meet requirements placed upon it by the engineer," these requirements became parts of Brown's contract with Alsop & Pierce.   We find nothing in the evidence of the plaintiff as to the terms of the contract between plaintiff and defendants which justifies the assumption that the city engineer was to be the arbiter who should pass on and finally determine the quality of the sand to be furnished by plaintiff to defendants.   On the contrary, . the plaintiff testifies that the sand was not to be approved by the city engineer, that he refused to enter into a contract of that nature, and made defendants' superintendent examine the sand-beds in advance.

The following extracts from the record place this beyond controversy:

Q.: Their contract required the approval of the city engineer?   A.: Yes, sir.

Q.: You knew that when you entered into the contract?   A.: I knew it was to be approved by the city engineer.

Q.: And you pretend to say you entered into a contract whereby you were to furnish certain sand, whether approved by the city engineer or not?   A.: Yes, sir; I declined to make a contract subject to any man's approval; I contracted to deliver from a certain bank after they examined it before approval.

Q.: They told you they would accept the contract for delivery out of that bank?   A.: Yes; they told me that that sand was all right.

There is evidence by defendants that contradicts the plaintiff's version of the terms of the contract.   As the agreement between plaintiff and defendants was not in writing, the judge properly submitted the matter to the jury.

But it is contended that the complaint itself contains an averment which is practically an admission that plaintiff contracted in respect to the quality of the sand as contended by

defendant. This allegation is as follows: "First. That the defendants, G. Y. Alsop and R. T. Pierce, are partners doing business as Alsop & Pierce, and at the time herein mentioned had a contract to pave the sidewalks of the city of New Bern, and were engaged in paving said sidewalks."

There is no other reference in the complaint to the contract of defendants with the city. In the remaining sections of the complaint the references to a contract are plainly intended to refer to the verbal contract between plaintiff and defendants.

We do not think the mere reference to the city contract in the first section of the complaint can reasonably be construed into an admission that its provisions were made a part of the contract between plaintiff and defendants. It is referred to because the defendants had contracted with the plaintiff for the delivery of all the sand needed by them in that particular work, which was to be the measure of the quality of sand contracted for. When the contract was being negotiated between plaintiff and defendants the latter had the right to demand that the sand should pass the inspection of the city engineer. This, according to the finding of the jury, they failed to exact, but entered into the contract with plaintiff without such requirement.

The exceptions to the charge upon the issue of damages are without merit. The charge of the learned judge is very lucid upon the entire case, especially so upon the issue of damage. An examination of it leaves no doubt that he withdrew from the jury the consideration of every element of damages except the profits legitimately accruing from so much of the contract as defendants prevented plaintiff from performing. He expressly told the jury that for the sand washed away by the storm the jury should not give plaintiff damages, but only for the sand that he was prevented from delivering under the terms of his contract.

We think the case was fairly and ably tried and that no error has been committed.

No error.