N. R. WOOD v. CRESSY LEWEY and COUNTY BOARD OF EDUCATION OF GUILFORD COUNTY.

(Filed 10 November, 1910.)

1. **Deeds and Conveyances—Void Acknowledgment—Registration.**

　　A deed acknowledged before a commissioner of deeds of another State, not authorized by the laws of this State to take acknowledgments, is void, and invalidates the registration here.

2. **Deeds and Conveyances—Registration—Notice.**

　　Notice of a prior unregistered deed, however full and formal, cannot supply notice by registration required by Revisal, 980.

3. **Same—Fraud.**

　　In the absence of fraud, actual notice of a prior unregistered deed or mortgage executed since 1 December, 1885, cannot affect the rights of subsequent purchasers whose deed or mortgage is duly recorded.

4. **Same—Evidence.**

　　Notice of a prior unregistered deed alone is not evidence of fraud on the part of the grantee in the second and registered conveyance of the same land.

5. **Same.** ·

　　When a duly recorded mortgage is sought to be set aside by one who holds a prior mortgage defective in its registration, and it appears that he had procured the same from one holding an interest in the *locus in quo*, who resided in another State, and who, claiming it had been procured through misrepresentation, offered to return the purchase price, and then gave the second mortgage, which was duly acknowledged and recorded; the mere fact that the grantees knew of the first transaction is no evidence of fraud sufficient to set aside the subsequent deed, which was duly recorded.

APPEAL by plaintiff from *W. J. Adams, J.,* at the April Term, 1910, of GUILFORD.

The facts are sufficiently stated in the opinion of the Court.

153—26

*Spencer B. Adams, A. L. Brooks* and *Scott & McLean* for plaintiffs.

*Wilson & Ferguson* and *Stedman & Cooke* for defendant.

CLARK, C. J. Rankin Lewey died about 1889, leaving a widow and five children, and a tract of 55 acres of land. In 1904 the defendant County Board of Education bought 3 1-5 acres of said tract, and erected a $4,000 school thereon. It received a deed from all the heirs at law, except the oldest daughter, Alvatine, who disappeared soon after her father's death, and whose whereabouts remained unknown until 1908, when the plaintiff, learning that she was in New Jersey, went to see her and obtained her conveyance for her undivided interest in said 55-acre tract, and then called upon the defendant county board of education to pay for 1-5 interest in said tract of 3 1-5 acres, including the buildings which said board had placed upon the property. It turned out that the deed from said Alvatine was acknowledged in New Jersey, only before a commissioner of deeds of that State, and not before some officer authorized by the laws of this State to take such acknowledgment and privy examination. Revisal, 990. The acknowledgment being void, the registration was void, *Lance v. Tainter,* 137 N. C., 249; *Long v. Crews,* 113 N. C., 256; *Southerland v. Hunter,* 310. Registration upon a defective probate is void, *Allen v. Burch,* 142 N. C., 524; *Barrett v. Barrett,* 120 N. C., 129.

The chairman of the county board, at the instance of said board and of the mother of said Alvatine, went to New Jersey, and induced her to come to North Carolina. She alleged that the plaintiff had procured her to execute the deed by misrepresentation, and tendered him back the entire amount which he had paid her. She thereupon made a deed to her mother for her one-fifth interest in said 55-acre tract, and her mother, for a consideration, executed a deed to the County Board of Education for said interest in the 3 1-5 acres, on which the schoolhouse had been built. Subsequent to the registration of this deed, the plaintiff sent his deed back to New Jersey and had the same duly re-acknowledged, and caused it to be recorded again in Guilford, and brought this action alleging fraud in the

execution and procurement of the deed from Alvatine to her mother and participation in the fraud by the County Board of Education and asks that he be declared the owner of one-fifth interest in said 55-acre tract.

The plaintiff relies solely upon the fact that the defendants had notice of his prior unacknowledged and unregistered deed. The proposition is too well settled against him to admit of debate. No notice, however full and formal, can supply notice by registration, as required by Revisal, 980. *Tremaine v. Williams,* 144 N. C., 114; *Collins v. Davis,* 132 N. C., 106; *Blalock v. Strain,* 122 N. C., 283; *Patterson v. Mills,* 121 N. C., 267; *Hinton v. Leigh,* 102 N. C., 28; and there are many others all to the same effect.

In the absence of fraud, actual notice of a prior unregistered deed or mortgage executed since 1 December, 1885, cannot affect the rights of subsequent purchasers whose deed or mortgage is duly recorded. *Wood v. Tinsley,* 138 N. C., 507; *Maddox v. Arp,* 114 N. C., 585; *Wallace v. Cohen,* 111 N. C., 103; *Bank v. Mfg. Co.,* 96 N. C., 298. The plaintiff rests his case as to this point, upon *Austin v. Staten,* 126 N. C., 789. But that case properly construed holds with the other cases, that taking a deed with actual notice of a prior unregistered deed is not evidence of fraud, but that there must be an actual intent to defraud. And holds that if in addition to such knowledge the grantor makes the second conveyance without any consideration or one grossly inadequate such conduct would be evidence of a combination between the second grantee and the grantor to defraud. But there is no such evidence here. On the contrary the grantor offered to refund the money paid by the first grantee, who indeed procured his own deed under circumstances not above criticism.

To hold that notice of a prior unregistered conveyance is fraud on the part of the grantee in the second conveyance would be contrary to the language and the intent of chap. 147, Act 1885, now Revisal, 980. It would defeat the entire object of that law.

*Austin v. Staten,* 126 N. C., 789, has never been cited with approval on that point. If it meant what the plaitniff contends, it is in opposition to all the other cases construing that section, and

they are numerous. *Austin v. Staten* has been cited four times since (as will be seen by reference to Annotated Edition of 128 N. C.), *i. e.,* in *Lindsay v. Beaman,* 128 N. C., 192; *Collins v. Davis,* 132 N. C., 111; *Laton v. Crowell,* 136 N. C., 380; *Janney v. Robbins,* 141 N. C., 403, 4, 5, 8, 9, all of which are upon the proposition that an unregistered deed is not color of title.

The other assignments of error do not require discussion, and are practically disposed of by what we have already said.

No error.