MOSES GRIMES v. CICERO GUION, AMELIA GUION AND BUDDIE GUION.

(Filed 7 January, 1942.)

**Vendor and Purchaser § 7: Registration § 4b—Parol contract to convey is unavailing as against purchaser under registered deed from vendor or her heirs.**

Defendant alleged that she went into possession of the land, paid taxes and made improvements under a parol agreement with the owner that if the owner should fail to return and repay the taxes and pay for the improvements defendant should have the land in fee, and that plaintiff,

seeking to recover possession of the land by virtue of a duly registered deed from the heirs of the vendor, took with knowledge of the terms of the agreement and that defendant was in possession thereunder. *Held:* The parol agreement is ineffectual as against plaintiff notwithstanding his knowledge, since no notice, however full and formal, will supply notice by registration, C. S., 3309, and the answer neither sets up a defense to plaintiff's action nor alleges facts entitling defendant to reimbursement for taxes and improvements before recovery of possession by plaintiff. *Vann v. Newsom,* 110 N. C., 122, cited and distinguished in that plaintiff is not the vendor, but the purchaser from the heirs of the vendor under a duly recorded deed. *Spence v. Pottery Co.,* 185 N. C., 218, cited and distinguished in that defendant in the instant case did not set up a parol trust recognized and enforceable in this State.

APPEAL by defendant, Amelia Guion, from *Thompson, J.,* at May Term, 1941, of ROBESON.

Civil action to recover land and rents therefor and damages for waste committed thereon.

Plaintiff in his complaint *inter alia* alleges that he is the owner, and entitled to possession of a certain tract of land in Robeson County described in a certain deed from L. E. Whaley and wife to Cornelia Merrick Smith, and in a certain deed from Simon Peter Dunham and others, to plaintiff.

Defendant, Amelia Guion, in her answer denies the above allegation of plaintiff and, as further defense, makes substantially these averments: That during the year 1928 Cornelia Merrick Smith, then a resident of Waterbury, Connecticut, owner of the land described in the complaint, which was unimproved and which was then being foreclosed for non-payment of taxes due to the county, coming to Robeson County for the purpose of attempting to save said land from foreclosure, came to this defendant, who was then living in St. Pauls, North Carolina, and pro-posed that if this defendant would advance to her $40 in cash and pay off the taxes in default, she would agree to put this defendant in posses-sion of the lands, let her hold possession thereof, clear and develop same, improve it and pay the annual taxes, and if she, the said Cornelia Mer-rick Smith, failed to return during her lifetime and repay the advances made in money, repay the taxes and pay for the improvements placed upon the land by this defendant, this defendant should have the lands in fee simple; that this defendant accepted the proposal, paid to Cor-nelia Merrick Smith the sum of $40 in cash and immediately entered into possession of the lands under the terms of the agreement, paid the taxes then in default, paid the annual taxes thereafter assessed against the land, amounting in all to $103.07, and proceeded to clear and cultivate twenty acres of land, rebuild the dwelling house, built tenant house, stables, chicken house, tobacco barn, rebuilt another tobacco barn, ditched and drained the land, and made other improvements thereon, the total

value of which amounts to at least the sum of $1,500; that Cornelia Merrick Smith failed to return and repay to this defendant the advances made in cash, the taxes paid and the value of the improvements put upon the land pursuant to the agreement, and has since died; that a short time after her death, Simon Peter Dunham, Ambrose Dunham and Jennie Munn, claiming to be her heirs at law, attempted to convey the title to said lands to the plaintiff by purported deed dated 11 March, 1940, and filed for registration 23 March, 1940, and recorded in the registry of Robeson County, which deed and the registration thereof are referred to for purposes of attack; that this defendant was in full, open, and notorious possession of said land under known and visible lines and boundaries, and plaintiff and those under whom he claims, at time of delivery and registration of said purported deed, had full knowledge of her equities and knew that she was in possession of said land under the terms of said agreement; that, therefore, plaintiff is not a purchaser for value without notice; that this defendant is "an ignorant colored woman, without education" and, relying upon said agreement to convey title to her, she has spent the earnings and hard labor of herself and her children, for many years, in paying taxes upon these lands, clearing and improving same, placing buildings thereon, ditching and draining the land, and is entitled to have this trust enforced upon the same, and to have the plaintiff, who accepted deed with full knowledge of defendant's equities, and of the fact that she was in possession of said land by virtue of said agreement, declared trustee for her benefit, or if the trust agreement specifically pleaded is not enforceable, then to recover the money expended and the value of the improvements upon the said land and to be reimbursed for the money expended and for the betterments placed upon the land before the plaintiff is entitled to possession.

Plaintiff demurs *ore tenus* to the further defense set forth in the answer of Amelia Guion. The demurrer is sustained.

The defendant appeals therefrom, and assigns error.

*F. D. Hackett for plaintiff, appellee.*
*L. J. Britt and McLean & Stacy for defendant, appellant.*

WINBORNE, J. The ruling of the court in sustaining demurrer *ore tenus* to the further defense set up by defendant, Amelia Guion, finds support in the case of *Wood v. Tinsley,* 138 N. C., 507, 51 S. E., 59, upon authority of which judgment below must be affirmed. The decision there is epitomized in the headnote: "Since the Connor Act (Laws 1885, ch. 147), one who goes into possession of land under a parol contract to convey, paying the purchase money and making improvements thereon, cannot assert the right to remain in possession until he

is repaid the amount expended for the purchase-money and improvements as against a purchaser for value from the vendor, holding under a duly registered deed, though the purchaser had notice of the contract." See, also, *Smith v. Fuller,* 152 N. C., 7, 67 S. E., 261; *Wood v. Lewey,* 153 N. C., 401, 69 S. E., 268; and *Eaton v. Doub,* 190 N. C., 14, 128 S. E., 494.

The Connor Act, now C. S., 3309, provides that "no conveyance of land, or contract to convey, or lease of land for more than three years shall be valid to pass any property, as against creditors or purchasers for .a valuable consideration, from the donor, bargainor or lessor, but from the registration thereof within the county where the land lies."

The Court, in *Wood v. Tinsley, supra,* speaking of that Act, said: "The purpose of the statute was to enable purchasers to rely with safety upon the examination of the records, and act upon the assurance that, as against all persons claiming under the 'donor, bargainor, or lessor,' what did not appear did not exist. That hardships would come to some in applying the rigid statutory rule was well known and duly considered . . . The change in our registration laws was demanded by the distressing uncertainty into which the title to land had fallen in this State . . . If the defendant has sustained an injury by the conduct of the person with whom he made a parol contract, which should have been in writing and recorded, it is to be regretted, but it is not the fault of the law. Its protective provisions are clear and explicit. To permit him to disregard it at the expense of the plaintiff, who has obeyed it, would be to seriously impair the value of the statute and return to many of the evils which its enactment sought to remove."

In *Wood v. Lewey, supra,* plaintiff relying solely upon the fact that defendants had notice of his prior unacknowledged and unregistered deed, the Court said that the proposition is too well settled against him to admit of debate, for no notice, however full and formal, can supply notice by registration as required by the statute. Revisal, 980, now C. S., 3309.

The present case is distinguishable from the two lines of cases relied upon by defendant appellant. First: The line to which *Vann v. Newsom,* 110 N. C., 122, 14 S. E., 519, and others of similar import belong, where the Court holds that the vendor, in a parol contract to convey land, will not be permitted to evict a vendee who has entered and made improvements until the latter has been repaid the purchase money and compensated for betterments. See, also, *Ballard v. Boyette,* 171 N. C., 24, 86 S. E., 175, where *Allen, J.,* states that: "While the doctrine of enforcing a parol contract to convey land upon the ground of part performance does not prevail in this State, it is well settled that the owner of land who has entered into a contract of this character cannot repudiate

the contract and retain the benefits which he has received under it, whether in the form of money paid upon the purchase price or upon the enhanced value of the land by reason of improvements."

In the case in hand the plaintiff is not the vendor with whom the defendant contracted, but is a purchaser from the heirs of the vendor and has and asserts a duly recorded deed, which is attacked only upon the ground that plaintiff took it with notice of defendant's verbal contract with and consequent equities against the parol vendor and, hence, is not a purchaser for value without notice. This principle is inapplicable here.

Second: The line to which *Spence v. Pottery Co.,* 185 N. C., 218, 117 S. E., 32, belongs, wherein the Court holds that "There are certain parol trusts, and those created by operation of law, dealing with interest in land which are fully recognized in this jurisdiction. And . . . those resting in parol, or not evidenced by any writing, may be enforced against the holder of the legal title unless it appear that such holder or someone under whom he claims has acquired his title for a fair and reasonable price and without notice of the trust." In the present case no such trust is averred.

Though the defense attempted to be set up by defendant portrays her as the victim of a grievous wrong which engenders indignation and invokes sympathy, it states no cause of action against plaintiff. There is no averment that he has either assumed, or broken any obligation to her. Rather, the averments indicate that he has acted within the registration laws as written.

The judgment is

Affirmed.