## M. A. HAAS v. J. D. SMITH.

(Filed 26 March, 1952.)

**Betterments § 2—**

> A person making improvements upon land under a parol agreement of the owner to convey same is not entitled to assert claim for betterments as against the purchaser for value under a duly registered deed from the owner.  G.S. 47-18.

APPEAL by defendant from *Phillips, J.,* and a jury, at October Term, 1951, of CALDWELL.

Civil action in ejectment to try title to land, involving question of betterments.

It is alleged in the plaintiff's complaint that he is the owner in fee simple and entitled to possession of a tract of land described in and conveyed to him by deed of T. E. Smith dated 23 March, 1950, duly registered in the Public Registry of Caldwell County, and that the defendant is in wrongful possession of part of the land.

The defendant by answer denied the material allegations of the complaint, and by way of further defense set up a counterclaim in which it is alleged in substance: that he is the son of the plaintiff's grantor, T. E. Smith; that in June, 1946, the defendant entered into an oral contract with his father whereby it was agreed that the defendant was to erect a dwelling house on the premises described in the complaint and that the land would be conveyed to the defendant by his father; that pursuant to this agreement and relying wholly upon his father's promise to convey, the defendant went into possession of the property and erected thereon an eight-room residence, at a cost of approximately $5,000, and in addition paid a substantial sum on a mortgage debt against the land; that thereafter the defendant's father, in breach of his agreement, sold and conveyed the property to the plaintiff, and the plaintiff since acquiring deed has ordered the defendant off the premises, without offering to make compensation for the improvements made by the defendant, who alleges he is entitled to recover the costs of the improvements.

When the cause came on for trial, the plaintiff, previously having filed reply, demurred *ore tenus* to the counterclaim for failure to state facts sufficient to constitute a cause of action or defense against the plaintiff. The demurrer was sustained.

The plaintiff then offered his proofs of title and right to possession. As to these, appropriate issues were submitted to and answered by the jury in favor in the plaintiff.

From judgment entered on the verdict, adjudging the plaintiff the owner and entitled to the immediate possession of the land, the defendant appealed, assigning errors.

*Benjamin Beach for plaintiff, appellee.*
*W. H. Strickland for defendant, appellant.*

JOHNSON, J.  Decision here turns on the defendant's exception to the ruling of the trial court in sustaining the demurrer *ore tenus* to the counterclaim for betterments.

The demurrer was properly sustained under application of the principles of law applied and explained by *Winborne, J.,* in *Grimes v. Guion,* 220 N.C. 676, 18 S.E. 2d 170, where the facts are strikingly similar to those in the instant case.

Further discussion of the controlling principles of law is deemed unnecessary.  Suffice it to say, that since the Connor Act, Chapter 147, Public Laws of 1885, now codified as G.S. 47-18, one who goes into possession of land under parol contract to convey and makes improvements thereon, may not assert the right to remain in possession or recover for his improvements as against a purchaser for value from the vendor, holding under a duly registered deed, even though the purchaser had notice of the contract.  *Grimes v. Guion, supra,* and cases cited.

The case of *Luton v. Badham,* 127 N.C. 96, 37 S.E. 143, relied on by the defendant, is distinguishable.  There, the action was to recover for improvements against the original party who breached the parol agreement.  Here, the alleged parol contract was breached by a third person who is not a party to the action.  The other cases relied on by the defendant likewise are distinguishable.  See *Grimes v. Guion, supra.*

The rest of the defendant's exceptive assignments of error are formal and are without merit.

No error.